L. J. PEOPLES and others v. N. M. NORWOOD.

## Practice—Irregular Judgment.

1. The purpose of the summons is to bring the parties into Court; the purpose of the pleadings is to give jurisdiction of the subject matter of litigation and of the parties in that connection.

2. These are generally necessary, but when the parties are voluntarily before the Court, and by agreement, consent, or confession, which are the same in substance, a judgment is rendered, such judgment is valid, although not granted according to the regular course of procedure.

3. In passing on the motion to vacate and set aside such judgment as irregular, it is proper for the Court to inquire as to the facts and considerations which led to such judgment.

4. The motion to set aside such judgment should be made within a reasonable time, and the irregularity to warrant the setting it aside should be in respect to some matter of substance prejudicing the party.

5. When there was evidence that two of the plaintiffs had been paid by defendant before the judgment was rendered, and that the third had been paid since, it was proper to set the judgment aside as to the former, but not as to the latter.

6. As to the latter, the proper course was to move to have satisfaction of the judgment entered on the record, which the Court could do on proof of payment.

(*Farley* v. *Lea,* 4 Dev. & Bat., 170; *State* v. *Love,* 1 Ired., 264; *Stancill* v. *Gay,* 92 N. C., 455; *Koonce* v. *Butler,* 84 N. C., 221; *Weaver* v. *Jones,* 82 N. C., 440; *Williamson* v. *Hartman,* 92 N. C., 236; *Foreman* v. *Bibb,* 65 N. C., 128, cited and approved).

This was a motion to set aside a judgment heretofore rendered in the Superior Court of GRANVILLE county, for irregularity, heard by *Shepherd, Judge,* at Spring Term, 1885, of said Court.

The facts were as follows:

It appears that on the 27th day of November, 1874, the Court of Probate of the county of Granville, made an order whereof the following is a copy:

"Whereas, Nathaniel M. Norwood, guardian to Charles H. Gregory, Robert H. Gregory and Wm. D. Gregory, has failed to exhibit his account to the Judge of Probate as required by §§55 and 56 of an act concerning guardians and wards: It is

therefore ordered by the Court, that the said Nathaniel M. Norwood do make his personal appearance, and file such returns in the office of the Clerk of the Superior Court and Probate Judge, at Oxford, on Tuesday, the 22d day of December, 1874, or show cause why an attachment should not issue against him as prescribed by law."

A copy of this order was duly served upon the said Nathaniel M. Norwood, who is the present appellee, and he appeared in obedience to the same.

On the docket of the Probate Court is the following entry:

" PROBATE COURT ⎫
       *vs.* ⎬
NATHANIEL M. NORWOOD. ⎭

" Order to return an annual account, returnable December 22nd, 1874. Transferred to the civil issue docket."

At the Spring Term, 1875, of the Superior Court of the county named, the matter above mentioned appears upon the docket of that Court stated thus:

| | L. J. PEOPLES, agent for | Petition for account |
|---|---|---|
| " VENABLE. | GREGORY and others. | and settlement; |
| | *vs.* | exceptions to re- |
| " HAYS. | N. M. NORWOOD, | port of Probate |
| | *Guardian.* | Judge." |

Afterwards, at the Special Term, July, 1875, the case again appears with the entry, " Continued ; transferred from the Probate Court." Same counsel marked.

At Fall Term, 1875, the case again appears with same counsel marked. No entries except " Transferred from Superior Court."

At Spring Term, 1876, the case appears, and the only entry appearing being, " transferred from the Probate Court."

At the next term, the same case appears, same counsel marked, with the words : " April, 1875, transferred from Probate Court. Continued." The case was continued on the docket, with same

counsel, and same entries, until the Spring Term, 1878, when the word "open" was added. The word "open" was written by Mr. Hays, attorney, who was making entries generally on the docket, while it was being called.

At the next term the judgment was rendered which is sought to be set aside, the same counsel being then marked on the docket, and the following is a copy of the entry thereof:

" NORTH CAROLINA, } SUPERIOR COURT,
    GRANVILLE COUNTY. }     Fall Term, 1878.

L. J. PEOPLES, agent and next friend of
    CHARLES H. GREGORY, ROBERT H.
    GREGORY and WILLIAM D. GREGORY,
    *Plaintiffs,*
                *against*

NATHANIEL M. NORWOOD.

" This cause coming on for hearing at this term of the Court, on appeal from the Probate Court for Granville county, and now being heard before the Court, his Honor, John Kerr, Judge, presiding, and it appearing to the Court that the defendant is indebted to the plaintiffs, Charles H. Gregory, Robert H. Gregory and William D. Gregory, in the sum of one thousand two hundred and ninety-three dollars and fifty cents. It is therefore considered and adjudged by the Court, that the plaintiffs do recover of the defendant, Nathaniel M. Norwood, the sum of one thousand two hundred and ninety-three dollars and fifty cents, with interest on one thousand and fifty-three dollars and twenty-six cents from the first day of this term, and for costs of suit, to be taxed by the clerk, the same to include the sum of ten dollars to B. H. Cozart, clerk, for stating the account."

Afterwards " an execution was issued upon the judgment on 21st day of November, 1878, and returnable to the next term. The return is, " Not executed by order of plaintiff." On the costs taxed in said execution was a tax fee for Attorney Venable, and $10 for Cozart, Commissioner.

"Another execution issued June 22d, 1880. Returned satisfied as to amount of Court costs, say $38.63, herewith paid into office. Sheriff's fee retained. Not executed as to judgment debt and interest, by authority of T. B. Venable, attorney of plaintiff, as will appear by reference to his letter to John W. Hays, attorney for defendant, bearing date 27th September, 1880, which said letter is hereunto appended."

The letter is as follows:

"OXFORD, N. C., Sept. 27th, 1880.

*John W. Hays, Esq.*

DEAR SIR:—In regard to the execution in the hands of the sheriff of Warren, in favor of *Peoples & Gregory* v. *Norwood,* I understand that there has been, heretofore, an agreement between Peoples and Norwood in regard to the debt. If the costs are paid on the execution, so far as the debt is concerned, that can be held for further investigation, but it is distinctly understood that this is not in any way to affect the rights of the parties.

Yours truly,

(Signed)          THOS. B. VENABLE,

*Attorney for plaintiff.*"

Another execution issued 12th November, 1880, and was levied on the defendant's land, when further proceedings on the execution were stopped by injunction.

The Court found the following facts:

That Mr. Hays was employed by Mr. Norwood, and appeared for him before the Probate Court. That defendant was dissatisfied with the account as stated by the Probate Judge, and his counsel, Mr. Hays, at his instance, said he would file written exceptions, and moved, either for an appeal, or to have the case transferred to the Superior Court.

The case was transferred to the civil issue docket of the Superior Court. No summons was ever issued, no exceptions were filed until Spring Term, 1875. Mr. Hays continued to appear for Mr. Norwood in the Superior Court. There was no new

employment, nor any subsequent contract or conversation between Hays and Norwood about the case.

Norwood had actual knowledge that the case had been transferred and was pending in the Superior Court, but no knowledge that the proceedings had been changed, so as to make Peoples *et als.* parties plaintiffs, nor has he ever consented thereto.

There is no order showing that any amendment of parties was allowed, except the statement of the case heretofore mentioned, on the docket at the Spring Term, 1875.

No judgment or memorandum of the judgment was made by the Clerk, but simply an announcement of the balance due on the account. No complaint or petition was filed in either Court. Mr. Hays was present in the Court when the judgment was taken, and knew of it. The proceedings in the Superior Court was in relation to the same matter which was before the Probate Judge. No account was taken in the Superior Court, nor was any evidence heard by the Judge. The case was called, and the judgment was rendered upon the account stated by the Probate Judge. No exceptions were heard. When the case appeared upon the civil issue docket, Mr. Hays knew that its object was to obtain a judgment against the defendant, but did not communicate this to his client. There was no transcript from the Probate Court, but the papers were transferred.

Upon the foregoing facts found by the Court, it is adjudged that the judgment herein be set aside, and that the defendant be permitted to plead such pleas or to make such motions as to him may seem proper. That the defendant recover the costs of this motion.

From this judgment, the plaintiff appeals to the Supreme Court.

*Mr. E. C. Smith*, for the plaintiffs.
*Mr. Jos. B. Batchelor*, for the defendant.

MERRIMON, J. (after stating the case). The judgment in question was irregular, but not void. The appellants and appel-

lee were before the Court, in the attitude of adversary parties litigant, for several years, and respectively all the time represented by counsel, cognizant of all that was done in the matter, and especially at the term of the Court at which the judgment was granted and entered, the appellee's counsel was present and had knowledge of it. Although the matter that went up from the Court of Probate to the Superior Court, was not such as in the ordinary course of procedure could entitle the appellants to a judgment for money, and regularly the judgment of the latter Court ought to have been confined to the exceptions to the account as audited by the Judge of Probate, nevertheless, the Court, in the exercise of its general jurisdictional powers, could, by consent and agreement of the parties, take jurisdiction of them, and grant a judgment by agreement or confession, and such judgment would be valid, notwithstanding there was neither summons nor pleadings. The purpose of the summons is to bring the parties into, and give the Court jurisdiction of *them,* and of the pleadings, to give jurisdiction of the *subject matter* of litigation and the parties in that connection, and this is orderly and generally necessary; but when the parties are voluntarily before the Court, and by agreement, consent or confession, which in substance are the same thing, a judgment is entered in favor of one party and against another, such judgment is valid, although not granted according to the orderly course of procedure. *Farley* v. *Lea,* 4 Dev. & Bat., 170; *State* v. *Love,* 1 Ired, 264; *Stancill* v. *Gay,* 92 N. C., 455.

The appellee knew that he had a matter pending before the Superior Court, and that he was represented by counsel. At his instance, his counsel in the Probate Court, took steps to take the matter of which he complained into the Superior Court, and it is obvious that he intended the counsel to represent him in the latter Court, as he did do. The record is very meagre and unsatisfactory. It was not, as we have said, in the regular course of the matter before the Court, to grant such a judgment, and what considerations led to it do not appear. It does not appear

from anything in the record, or in the recitals of the judgment, that the appellee or his counsel assented affirmatively to it. There only arises the legal presumption, not irrebuttable, that it was properly entered.

It appears that the appellee made affidavit in support of his motion to set the judgment aside, to the effect that he did not confess the same, nor agree, nor assent thereto, nor authorize his counsel to do so, and that in fact, he had paid two of the appellants the money due them, and for which they so obtained judgment, *before* it was granted, and that he paid to the third appellant the sum due him *after* it was granted. Although the Court did not formally find the facts to be so, it must be taken that it was satisfied that there was reasonable ground to so believe, as it set the judgment aside. The Court had jurisdiction to grant, and apparently had just ground for granting the judgment, but although the Judge signed it, it seems that the Court was not fully and accurately in possession of the facts, and advised as to the considerations that led to it. It was competent and proper for the Court in passing upon the motion, to make inquiry in respect thereto. *Koonce* v. *Butler*, 84 N. C., 221; *Weaver* v. *Jones*, 82 N. C., 440.

But the Court ought not to set the judgment aside as of course, because of irregularity that does not render it void. To warrant setting the judgment aside, the irregularity should be in respect to some matter of substance, that might prejudice the complaining party to it, and the motion to set it aside should be made within a reasonable time. *Williamson* v. *Hartman*, 92 N. C., 236; *Stancill* v. *Gay, supra.*

The appellee delayed making his motion to set the judgment aside for more than two years, and in the meantime, several executions had been issued upon it, of which he had notice, and he had paid the costs of the Court. But it seems that the acquiescence was not complete, and the Court below was satisfied that the judgment was not properly granted, that there was reasonable ground to believe that the appellee had paid two of the ap-

pellants the money due them from him before it was granted, and to the third one the money due to him afterwards.

We are therefore of opinion that the motion to set the judgment aside was properly granted as to the two appellants who, it is alleged, received the money due them before the judgment was granted. But as to the third one, who it is alleged received the money due him after the judgment, the motion ought not to have been sustained, because it is not suggested that as to him, the appellee was prejudiced by the judgment. The latter alleges, that he paid the former the money due him since it was granted; if this be so, he can have prompt and adequate relief by a motion in the cause to have satisfaction of the judgment entered. *Foreman* v. *Bibb*, 65 N. C., 128. It is important that judgments should not be disturbed unnecessarily nor for light cause.

The order appealed from must be modified, as indicated in this opinion, and to that end, let it be certified to the Superior Court. *It is so ordered.*

Modified.