[363 N.C. 343 (2009)]

IN THE MATTER OF K.J.L.

No. 37A09

(Filed 18 June 2009)

**Child Abuse and Neglect; Termination of Parental Rights— summons-related defect—subject matter jurisdiction— personal jurisdiction—waiver of defenses**

The Court of Appeals erred by vacating a neglect and dependency adjudication order, and a later termination of parental rights (TPR) order, based on its conclusion that it did not have subject matter jurisdiction since there was no signature from an appropriate member of the clerk's office on the summons in the neglect and dependency proceeding, because: (1) summons-related defects implicate personal jurisdiction and not subject matter jurisdiction since the purpose of the summons is to obtain jurisdiction over the parties to an action and not over the subject matter; (2) the parents' appearance at the neglect and dependency hearing without objection to jurisdiction waived any defenses implicating personal jurisdiction; and (3) any defenses. based on the failure to issue a summons to the minor or to serve the summons on the guardian ad litem (GAL) were waived since the GAL appeared at the TPR hearing without objecting to the court's jurisdiction.

Justice TIMMONS-GOODSON concurring in the result only.

Justice MARTIN and Justice BRADY join in the concurring opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 194 N.C. App. ——, 670 S.E.2d 269 (2008), vacating an order terminating parental rights entered on 15 January 2008 by Judge Mary F. Covington in District Court, Davidson County. Heard in the Supreme Court on 6 May 2009.

*Charles E. Frye, III for petitioner-appellant Davidson County Department of Social Services, and Laura B. Beck, Attorney Advocate, for appellant Guardian ad Litem.*

*Robert W. Ewing for respondent-appellee mother.*

IN RE K.J.L.

[363 N.C. 343 (2009)]

NEWBY, Justice.

This case presents the question of whether a trial court lacks subject matter jurisdiction over an action when the summons in the case has not been signed by a statutorily designated member of the clerk of court's office and thus has not been legally issued. Because we hold that the lack of a proper summons implicates personal jurisdiction rather than subject matter jurisdiction, we reverse the decision of the Court of Appeals.

On 28 March 2006, the Davidson County Department of Social Services ("DSS") filed a juvenile petition alleging that the juvenile K.J.L. was neglected and dependent. The Office of the Clerk of Superior Court for Davidson County issued a summons in the matter pursuant to N.C.G.S. § 7B-406(a), which provides in pertinent part: "Immediately after a petition has been filed alleging that a juvenile is abused, neglected, or dependent, the clerk shall issue a summons to the parent, guardian, custodian, or caretaker requiring them to appear for a hearing at the time and place stated in the summons." N.C.G.S. § 7B-406(a) (2007). The summons was deficient, however, in that it was not "dated and signed by the clerk, assistant clerk, or deputy clerk of the court in the county in which the action [was] commenced." *Id.* § 1A-1, Rule 4(b) (2007). The deputy clerk responsible for the summons later stated in an affidavit "[t]hat due to an oversight, [she] inadvertently failed to sign each" copy of the summons. Nonetheless, copies of the summons were served on both of K.J.L.'s parents on 30 March 2006, and both parents were present in open court when the matter was called for hearing. Without raising any objection to the court's jurisdiction, both parents knowingly stipulated that K.J.L. was a neglected juvenile. The trial court entered an order to that effect on 8 September 2006.

On 12 April 2007, DSS filed a petition for termination of the parental rights of K.J.L.'s parents. A properly signed summons was issued in the termination of parental rights ("TPR") proceeding, and copies were served on both parents. K.J.L.'s mother ("respondent") appeared at the TPR hearing without objecting to the court's jurisdiction, as did K.J.L.'s guardian ad litem ("GAL"). K.J.L.'s father failed to respond to the TPR petition and did not appear at the hearing. By order filed on 15 January 2008, the trial court terminated both parents' parental rights. Respondent appealed.

The Court of Appeals majority concluded that the lack of a signature from an appropriate member of the clerk's office on the sum-

**IN RE K.J.L.**

[363 N.C. 343 (2009)]

mons in the neglect and dependency proceeding meant no summons was "issued" in that case for purposes of Rule of Civil Procedure 4(a), which provides: "A summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so." *Id.* § 1A-1, Rule 4(a) (2007). The Court of Appeals majority further held that the absence of a legally issued summons deprived the trial court of the subject matter jurisdiction necessary to enter its initial order adjudicating K.J.L. a neglected juvenile. *In re K.J.L.*, —— N.C. App. ——, ——, 670 S.E.2d 269, 271 (2008). The court thus vacated the adjudication order and went on to vacate the TPR order as well "because the adjudication order was essential to the trial court's subject matter jurisdiction in the proceeding to terminate respondent's parental rights." *Id.* at ——, 670 S.E.2d at 271 (citing, *inter alia*, N.C.G.S. § 7B-1110(a) (2007)). The Court of Appeals majority also vacated the TPR order on alternative grounds, holding that the trial court lacked subject matter jurisdiction over the TPR proceeding because "no summons was issued to the juvenile and no summons was served upon or accepted by the guardian ad litem for the juvenile." *Id.* at ——, 670 S.E.2d at 272. The dissenting judge did not challenge the majority's holding that, due to the lack of a proper signature, no summons was legally issued in the neglect and dependency proceeding. *Id.* at ——, 670 S.E.2d at 274 (Hunter, Robert C., J., dissenting). The dissent also did not dispute that the summons in the TPR proceeding was not properly issued and served. *Id.* at ——, 670 S.E.2d at 279. However, the dissent would have resolved both issues by concluding that defects in the issuance and service of summons affect personal jurisdiction and can be waived by general appearance. *Id.* at ——, ——, 670 S.E.2d at 274, 279. We now review the Court of Appeals' decision on the basis of the dissenting opinion.

It is clear that the summons in the neglect and dependency proceeding was not signed in compliance with Rule of Civil Procedure 4(b). The summons was thus not "issued" as that term is used in Rule 4(a), and consequently the issuance requirement of N.C.G.S. § 7B-406(a) was not satisfied. We must determine whether the failure to legally issue a summons implicates the court's jurisdiction over the subject matter of an action or merely affects jurisdiction over the parties thereto. The allegations of a complaint determine a court's jurisdiction over the subject matter of the action. *Peoples v. Norwood*, 94 N.C. 144, 149, 94 N.C. 167, 172 (1886). In matters arising under the Juvenile Code, the court's subject matter jurisdiction is established by statute. N.C.G.S. §§ 7B-200, -1101 (2007). The existence of subject matter jurisdiction is a matter of law

and " ' " cannot be conferred upon a court by consent." ' " *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (quoting *In re Custody of Sauls*, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967)). Consequently, a court's lack of subject matter jurisdiction is not waivable and can be raised at any time. N.C.G.S. § 1A-1, Rule 12(h)(3) (2007). Conversely, a court's jurisdiction over a person is generally achieved through the issuance and service of a summons. *Peoples*, 94 N.C. at 149, 94 N.C. at 172. Deficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are waivable and must be raised in a timely manner. N.C.G.S. § 1A-1, Rule 12(h)(1) (2007). Generally, such deficiencies can be cured. Even without a summons, a court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction. *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) ("Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent." (citation omitted)).

This Court has held that "the absence of the clerk's signature on the summons [is] a defect of a formal character which [is] waived by a general appearance." *Hooker v. Forbes*, 202 N.C. 364, 368, 162 S.E. 903, 905 (1932). We have recently reiterated this position, holding that summons-related deficiencies similar to those at issue here "implicate personal jurisdiction and thus can be waived by the parties." *In re J.T. (I)*, 363 N.C. 1, 4, 672 S.E.2d 17, 19 (2009) (citing N.C.G.S. § 1A-1, Rule 12(h)(1); *Harmon v. Harmon*, 245 N.C. 83, 86, 95 S.E.2d 355, 359 (1956)).

These holdings are elaborations on basic principles long recognized by this Court: the summons is not the vehicle by which a court obtains subject matter jurisdiction over a case, and failure to follow the preferred procedures with respect to the summons does not deprive the court of subject matter jurisdiction.

> The purpose of the summons is to bring the parties into, and give the [c]ourt jurisdiction of *them,* and of the pleadings, to give jurisdiction of the *subject matter* of litigation and the parties in that connection, and this is orderly and generally necessary; but when the parties are voluntarily before the [c]ourt, and . . . a judgment is entered in favor of one party and against another, such judgment is valid, although not granted according to the orderly course of procedure.

*Peoples*, 94 N.C. at 149, 94 N.C. at 172 (citations omitted). Because the summons affects jurisdiction over the person rather than the subject matter, this Court has held that a general appearance by a civil defendant "waive[s] any defect in *or nonexistence of* a summons." *Dellinger v. Bollinger*, 242 N.C. 696, 698, 89 S.E.2d 592, 593 (1955) (emphasis added) (citations omitted); *see also Hatch v. Alamance Ry. Co.*, 183 N.C. 617, 628, 112 S.E. 529, 534 (1922) (Clark, C.J., dissenting) ("[A]ppearance in an action dispenses with the necessity of process. Indeed, there are numerous cases that although there has been no summons at all issued, a general appearance, by filing an answer or otherwise, makes service of summons at all unnecessary." (citations omitted)). In the instant case, the failure to issue a summons in the neglect and dependency action did not affect the trial court's subject matter jurisdiction, and the parents' appearance at the neglect and dependency hearing without objection to jurisdiction waived any defenses implicating personal jurisdiction.

In the recent case *In re J.T. (I)*, a TPR summons had been issued but failed to name any of the three juveniles in that case as respondent, and no summons had been served on the juveniles or their GAL. We held these deficiencies implicated personal jurisdiction, not subject matter jurisdiction. 363 N.C. at 4, 672 S.E.2d at 19. In our decision, we quoted the following: " '[T]he issuance and service of process is the means by which the court obtains jurisdiction, and thus where *no* summons is issued, the court acquires jurisdiction over neither the parties nor the subject matter of the action.' " *Id.* at 4, 672 S.E.2d at 18 (quoting *In re Poole*, 151 N.C. App. 472, 475, 568 S.E.2d 200, 202 (2002) (Timmons-Goodson, J., dissenting) (citations omitted), *rev'd per curiam for reasons stated in dissenting opinion*, 357 N.C. 151, 579 S.E.2d 248 (2003)). Understood in context, this language was used to emphasize that a summons had in fact been issued in *In re J.T. (I)*, as had been the case in *In re Poole. Id.*; *In re Poole*, 151 N.C. App. at 475, 568 S.E.2d at 202. Read literally and in isolation, however, this language could be interpreted to mean the failure to issue a summons defeats subject matter jurisdiction. We disavow such an interpretation. The summons relates to subject matter jurisdiction, albeit only insofar as it apprises the necessary parties that the trial court's subject matter jurisdiction has been invoked and that the court intends to exercise jurisdiction over the case. Thus, although the summons itself does not establish subject matter jurisdiction, it can be used as some proof of invocation of the trial court's subject matter jurisdiction. This invocation is accomplished when a

**IN RE K.J.L.**

[363 N.C. 343 (2009)]

proper controversy has been brought before the court. *See Peoples*, 94 N.C. at 149, 94 N.C. at 172.

Although the preceding analysis provides grounds for deciding both issues in this case, we now briefly address the alternate basis for the Court of Appeals' holding that the trial court lacked subject matter jurisdiction over the TPR action. Because "no summons was issued to the juvenile and no summons was served upon or accepted by the guardian ad litem for the juvenile," the majority below concluded that the trial court did not have the subject matter jurisdiction necessary to terminate respondent's parental rights. *In re K.J.L.*, —— N.C. App. at ——, 670 S.E.2d at 272 (majority). This issue is directly controlled by our decision in *In re J.T. (I)*, in which the challenge to subject matter jurisdiction was based on findings that "no summons named any of the three juveniles as respondent and that no summons was ever served on the juveniles or their GAL." 363 N.C. at 4, 672 S.E.2d at 19. We concluded that "[t]hese errors are examples of insufficiency of process and insufficiency of service of process, respectively, both of which are defenses that implicate personal jurisdiction and thus can be waived by the parties." *Id.* (citing N.C.G.S. § 1A-1, Rule 12(h)(1); *Harmon*, 245 N.C. at 86, 95 S.E.2d at 359). Here, because K.J.L.'s GAL appeared at the TPR hearing without objecting to the court's jurisdiction, any defenses based on the failure to issue a summons to K.J.L. or to serve the summons on the GAL were waived, and the trial court's exercise of jurisdiction was proper. 363 N.C. at 4-5, 672 S.E.2d at 19 (citing *Harmon*, 245 N.C. at 86, 95 S.E.2d at 359).

Because the purpose of the summons is to obtain jurisdiction over the parties to an action and not over the subject matter, summons-related defects implicate personal jurisdiction and not subject matter jurisdiction. Any deficiencies in the issuance and service of the summonses in the neglect and TPR proceedings at issue in this case did not affect the trial court's subject matter jurisdiction, and any defenses implicating personal jurisdiction were waived by the parties. The decision of the Court of Appeals is therefore reversed and this case is remanded to that court for consideration of the parties' remaining assignments of error.

REVERSED AND REMANDED.

Justice TIMMONS-GOODSON concurring in the result only.

I concur in the result only and agree that the trial court had subject matter jurisdiction over the termination of parental rights proceeding. I write separately because I conclude the trial court's jurisdiction over the termination proceeding was not dependent upon the underlying abuse, neglect, or dependency adjudication.

Termination of parental rights proceedings are independent from underlying abuse, neglect, and dependency proceedings and have separate jurisdictional requirements. *Compare* N.C.G.S. § 7B-200 (stating that "[t]he court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent"), *with* N.C.G.S. § 7B-1101 (stating that "[t]he court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights"); *see also In re R.T.W.*, 359 N.C. 539, 553, 614 S.E.2d 489, 497 (2005) ("Each termination order relies upon an independent finding that clear, cogent, and convincing evidence supports at least one of the grounds for termination under N.C.G.S. § 7B-1111. Section 7B-1113 affords parents the opportunity to challenge termination orders on appeal. Simply put, a termination order rests on its own merits."), *superseded by statute on other grounds*, Act of Aug. 23, 2005, ch. 398, sec. 12, 2005 N.C. Sess. Laws 1455, 1460-61, *as recognized in In re T.R.P.*, 360 N.C. 588, 592, 636 S.E.2d 787, 791 (2006). Indeed, the trial court may entertain a petition for termination of parental rights even when there is no involvement by DSS and thus no underlying abuse, neglect, and dependency action whatsoever. *See* N.C.G.S. § 7B-1103(a)(1) (2007) (allowing a parent to file a petition to terminate the parental rights of the other parent).

Section 7B-1101, which governs subject matter jurisdiction in termination of parental rights cases, states in pertinent part:

The court shall have *exclusive original jurisdiction* to hear and determine any petition or motion relating to termination of parental rights to *any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion.*

*Id.* Pursuant to the broad language of N.C.G.S. § 7B-1101, the trial court has exclusive subject matter jurisdiction to determine any petition or motion for termination of parental rights of any juvenile resid-

ing in or merely "found in" the district at the time of filing. *Id.*; *see, e.g.*, *In re D.D.J.*, 177 N.C. App. 441, 443, 628 S.E.2d 808, 810 (2006) (stating that, when the children were living in South Carolina at the time of the filing of the petition for termination, they were not "residing in" or "found in" North Carolina, and the trial court therefore lacked subject matter jurisdiction over the termination proceeding); *In re Leonard*, 77 N.C. App. 439, 440, 335 S.E.2d 73, 73-74 (1985) (holding that when the juvenile was in Ohio with his mother when the petition to terminate parental rights was filed, the juvenile was neither "residing in" nor "found in" the district at the time of filing, and the petition failed for lack of subject matter jurisdiction). Moreover, section 7B-1101 vests the trial court with exclusive subject matter jurisdiction to determine any petition or motion for termination of parental rights of any juvenile in the legal *or* physical custody of DSS at the time of the filing. *See* N.C.G.S. § 7B-1101.

As noted by the majority, respondent stipulated that K.J.L. was a neglected juvenile, and the trial court entered an order to that effect accordingly. Respondent did not appeal from the order adjudicating K.J.L. neglected. DSS filed its petition for termination of parental rights on 12 April 2007, a little over a year after taking custody of K.J.L. There was no contention that K.J.L. did not reside or could not be found in the district. The petition was properly verified. *See In re T.R.P.*, 360 N.C. at 593, 636 S.E.2d at 792 ("A trial court's subject matter jurisdiction over all stages of a juvenile case is established when the action is initiated with the filing of a properly verified petition."). A proper summons was issued for the termination proceeding, and copies were served on both parents. Respondent appeared at the hearing, as did the guardian ad litem for the juvenile. Further, as the majority correctly determines, the failure to issue a summons to the juvenile for the termination proceeding did not implicate the trial court's subject matter jurisdiction. *See In re J.T. (I)*, 363 N.C. 1, 4, 672 S.E.2d 17, 18-19 (2009). Thus, under N.C.G.S. § 7B-1101, the trial court had exclusive original jurisdiction to hear and determine the petition to terminate respondent's parental rights.

The Court of Appeals nonetheless determined that the termination of parental rights order had to be vacated "because the adjudication order was essential to the trial court's subject matter jurisdiction in the proceeding to terminate respondent's parental rights." *In re K.J.L.*, —— N.C. App. ——, 670 S.E.2d 269, 271 (2008). The Court of Appeals cited N.C.G.S. § 7B-1110(a) in support of this proposition. Section 7B-1110(a) does not address adjudication orders, however;

rather, N.C.G.S. § 7B-1110 addresses termination of parental rights proceedings and requires the trial court to determine that one or more of the grounds for termination exists. *See* N.C.G.S. § 7B-1110(a) (2007) ("After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest.").

Here, in compliance with its duty under N.C.G.S. § 7B-1110(a), the trial court made independent findings, separate from the underlying neglect and dependency adjudication order, that grounds existed for termination of parental rights. Specifically, the trial court found that respondent had: (1) neglected the juvenile within the meaning of N.C.G.S. § 7B-101 and that there was a probability of continuation of such neglect (ground for termination pursuant to N.C.G.S. § 7B-1111(a)(1)); and (2) willfully failed to pay a reasonable portion of the cost of care for six months preceding the petition (ground for termination pursuant to N.C.G.S. § 7B-1111(a)(3)). The Court of Appeals, then, clearly erred in determining that the underlying adjudication order was "essential to the trial court's subject matter jurisdiction in the proceeding to terminate respondent's parental rights" pursuant to N.C.G.S. § 7B-1110(a).

Respondent argues the trial court lacked jurisdiction to enter the termination order because DSS was not authorized to file the termination action pursuant to N.C.G.S. § 7B-1103(a). Section 7B-1103 addresses standing to file a petition or motion to terminate parental rights. *See* N.C.G.S. § 7B-1103(a) (2007). Included in the list of those who may file for termination orders is "[a]ny county department of social services . . . to whom custody of the juvenile has been given by a court of competent jurisdiction." *Id.* § 7B-1103(a)(3) (2007). Respondent argues that because the underlying juvenile petition was not properly "issued" pursuant to Rule 4 of the Rules of Civil Procedure, the trial court did not acquire subject matter jurisdiction and could not adjudicate the juvenile as neglected. Thus, contends respondent, DSS was not granted custody "by a court of competent jurisdiction" and did not have standing to bring the subsequent termination proceeding.

However, the plain language of N.C.G.S. § 7B-1103(a) only requires that DSS be granted "custody . . . by a court of competent jurisdiction." *Id.* The Court of Appeals has previously held, and this Court has affirmed, that N.C.G.S. § 7B-1103(a) does not limit custody granted to DSS pursuant only to a dispositional order entered under N.C.G.S. § 7B-905, but that DSS has standing to file a termination peti-

tion pursuant to a nonsecure custody order issued pursuant to N.C.G.S. § 7B-506 as well. *See In re T.M.*, 182 N.C. App. 566, 571, 643 S.E.2d 471, 475, *aff'd per curiam*, 361 N.C. 683, 651 S.E.2d 884 (2007). This Court has also noted that "DSS's custody [need not] be legally unassailable" in order to have standing to file a petition for termination of parental rights. *See In re R.T.W.*, 359 N.C. at 551, 614 S.E.2d at 497.

Here, at the time DSS filed its termination petition on 12 April 2007, DSS had custody of the juvenile pursuant to a permanency planning order entered 9 April 2007. The trial court in its permanency planning order made independent findings and determined that it was in the best interests of the juvenile to be in the legal and physical custody of DSS. Thus, DSS had proper standing to file the petition for termination of respondent's parental rights. *See In re R.T.W.*, 359 N.C. at 551, 614 S.E.2d at 497 (determining that DSS had standing to seek termination of the respondent's parental rights when DSS had custody of the juvenile pursuant to a court order, although the validity of the underlying court order was under review).

Thus I agree that the trial court had subject matter jurisdiction over the termination proceeding and I therefore concur in the result.

Justice MARTIN and Justice BRADY join in this separate opinion.