IN THE MATTER OF: S'N.A.S., S'L.A.S., AND S'R.A.S., MINOR CHILDREN

No. COA09-959

(Filed 22 December 2009)

**Termination of Parental Rights— failure to serve timely summons—waiver based on general appearance**

The trial court had jurisdiction to terminate respondent mother's parental rights because, although she was not served with the summonses until after their expiration, she made a general appearance in the action before the trial court at the non-

secure custody hearings, thereby waiving any objection to personal jurisdiction.

Appeal by respondent-mother from orders entered 1 April 2009 by Judge David A. Leech in Pitt County District Court. Heard in the Court of Appeals 30 November 2009.

*Elizabeth Myrick Boone, for Pitt County Department of Social Services, petitioner-appellee.*

*Pamela Newell Williams, for Guardian ad Litem.*

*Janet. K. Ledbetter, for respondent-appellant mother.*

JACKSON, Judge.

Respondent appeals from an order terminating her parental rights to three of her children. For the reasons set forth below, we affirm.

On 17 January 2008, the Pitt County Department of Social Services ("DSS") filed juvenile petitions alleging that S'N.A.S., age five months, and twins S'L.A.S. and S'R.A.S., age one year, were neglected and dependent juveniles. The petitions alleged that respondent lacked stable housing and employment, failed to provide food or diapers for the juveniles, and failed to meet the medical needs of the juveniles. The petitions further alleged that respondent had been "in and out of prison" and had been living in shelters and motels. The trial court entered three non-secure custody orders on 17 January 2008. On 18 January 2008, a summons was issued in each case to respondent. A week later, the trial court held a non-secure custody hearing at which respondent appeared with her appointed attorney. On 28 January 2008, the trial court entered an order on the need for continued non-secure custody in each case. The trial court found that respondent currently could not provide proper care or supervision and that it was not in the best interests of the juveniles to be returned to her care. The trial court ordered respondent to (1) submit to a pregnancy test, (2) submit to random drug screens, (3) apply to at least one job per day for employment, (4) enroll at the Employment Security Commission, (5) enroll and attend the STRIVE program, and (6) provide information pertaining to the whereabouts of the juveniles' father[1].

---

1. The juveniles' father is not a party to this appeal.

On 7 February 2008, the trial court held another non-secure custody hearing for the three children. Respondent and her attorney were present at the hearing. In its three separate orders on the need for continued non-secure custody filed 8 February 2008, the trial court found that "[t]he Court began hearing on Adjudication and[,] on a motion made by Wanda Naylor[,] continued hearing to [February] 27-28[, 20]08 to allow the Court to receive photographs of the juvenile[s]." At the 28 February 2008 hearing, the trial court found that there was insufficient time to hear the case due to "2 priority cases" and because "service is pending on respondent mother." The court entered an order continuing non-secured custody.

On 26 March 2008, the trial court entered a non-secure custody order continuing custody with DSS. The order found that "Respondent Father has been served. Service is still pending on Respondent Mother[,]" and the court set the date for the adjudication hearing for 27 March 2008. The order further noted that the trial court denied the motion to continue made by respondent's attorney.

The trial court held an adjudication and disposition hearing on 27 March 2008. Respondent did not attend the hearing, but she was represented by her attorney. By adjudication orders filed 2 May 2008, the trial court adjudicated the children neglected and dependent juveniles. The trial court found that respondent had not been served with the juvenile petition and summons because they erroneously were sent to Lenoir County and not Greene County. The trial court also found that respondent "was present and did participate by testifying in both the January 24, 2008 and February 7, 2008 Continued Non-Secure Custody hearings in this matter." The trial court further found that respondent was ordered on 24 January 2008 to submit to a pregnancy test, and it was determined that she is currently pregnant. In its three disposition orders filed 2 May 2008, the trial court ordered legal custody of the juveniles be with DSS and ordered that respondent have supervised visitation.

On 28 March 2008—the day following the adjudication and disposition hearing—respondent personally was served with the three juvenile petitions and summonses by the Sheriff. A three-month review order was filed on 11 July 2008, and a permanency planning order was filed on 5 November 2008. On 25 November 2008, DSS filed three separate petitions to terminate the parental rights of respondent as to the three children based upon neglect pursuant to North Carolina General Statutes, section 7B-1111(a)(1); willfully leaving the

IN RE S'N.A.S., S'L.A.S., & S'R.A.S.

[201 N.C. App. 581 (2009)]

child in foster care for a continuous period of six months next preceding the filing of the petition and willfully failing to pay a reasonable portion of the cost of care of the juveniles during that time notwithstanding respondent's ability to do so pursuant to section 7B-1111(a)(3); and having her parental rights to another child terminated involuntarily and her lack of an ability or willingness to establish a safe home pursuant to section 7B-1111(a)(9). Three summonses were issued, and the mother was served with the summonses and petitions on 9 December 2008.

On 19 February 2009, the trial court held a termination hearing, at which respondent and her attorney were present and during which respondent testified. At the end of the hearing, the trial court advised the parties that the termination hearing would be continued until 5 March 2009. Respondent, who had transportation problems, did not appear at the continuation of the termination hearing, but had contacted her attorney and asked that he "stand in for her." By orders filed 1 April 2009, the trial court found that respondent (1) was unemployed, (2) had not provided support for the children except for snacks during visitation and a birthday cake for S'N.A.S., (3) had failed to obtain housing, (4) had failed to attend STRIVE, (5) had failed to enroll with the Employment Security Commission, and (6) previously had her parental rights involuntarily terminated to four other children. The trial court further found that grounds existed to terminate respondent's parental rights pursuant to North Carolina General Statutes, sections 7B-1111(a)(1), (a)(3), and (a)(7). The trial court concluded that it was in the best interest of the juveniles to terminate respondent's parental rights. Respondent appeals.

On appeal, respondent contends that the trial court lacked subject matter jurisdiction to hear and rule on the termination petition. Respondent argues that because the summons in the underlying neglect and dependency petition was not served on her within sixty days after the date of the issuance of summons pursuant to North Carolina Rules of Civil Procedure, Rule 4(c), the trial court was deprived of jurisdiction over her and the matter, and therefore, the court's order placing custody with DSS was void. Respondent further argues that if the custody order was void, DSS never had legal custody of her children, and therefore, DSS lacked standing to file the termination petition. Based upon these arguments, respondent concludes that (1) DSS lacked standing to file the termination petition, and (2) the trial court lacked subject matter jurisdiction to terminate her parental rights. We disagree.

**IN RE S'N.A.S., S'L.A.S., & S'R.A.S.**

[201 N.C. App. 581 (2009)]

Our Supreme Court recently held that "the summons is not the vehicle by which a court obtains subject matter jurisdiction over a case, and failure to follow the preferred procedures with respect to the summons does not deprive the court of subject matter jurisdiction." *In re K.J.L.*, 363 N.C. 343, 346, 677 S.E.2d 835, 837 (2009). The Court also held that "failure to legally issue a summons" implicated only personal jurisdiction. *Id.* at 345-46, 677 S.E.2d at 837. *In re K.J.L.* further stated that "the summons affects jurisdiction over the person rather than the subject matter, [and] a general appearance by a civil defendant 'waive[s] any defect in or nonexistence of a summons.' " *Id.* at 347, 677 S.E.2d at 837 (quoting *Dellinger v. Bollinger*, 242 N.C. 696, 698, 89 S.E.2d 592, 593 (1955) (citations and emphasis omitted)).

Applying *In re K.J.L.* to the facts of this case, we conclude the trial court had jurisdiction to terminate respondent's parental rights. Here, a summons was issued on 18 January 2008, a day after the juvenile petitions were filed. Although respondent was not served with the summonses until after their expiration, she made a general appearance in the action before the trial court at the non-secure custody hearings on 24 January 2008 and 7 February 2008, thereby waiving any objection to personal jurisdiction. Accordingly, the trial court had jurisdiction over the underlying neglect and dependency action and issued a valid custody order to DSS, giving DSS standing to file the instant petition for termination of parental rights pursuant to North Carolina General Statutes, section 7B-1103(a)(3). Accordingly, respondent's argument is without merit, and the trial court's order is affirmed.

Affirmed.

Judges HUNTER, Robert C. and BRYANT concur.