IN THE SUPREME COURT OF NORTH CAROLINA

No. 274A19

Filed 5 June 2020

IN THE MATTER OF: L.T.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 22 March 2019 by Judge Aretha V. Blake in District Court, Mecklenburg County. This matter was calendared for argument in the Supreme Court on 18 May 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Keith T. Roberson for petitioner-appellee Mecklenburg County Department of Social Services.*

*Matthew D. Wunsche, GAL Appellate Counsel, for appellee Guardian ad Litem.*

*J. Thomas Diepenbrock for respondent-appellant father.*

BEASLEY, Chief Justice.

Respondent-father appeals from the trial court's order terminating his parental rights to his daughter, Laurie.[1] After careful consideration of respondent-father's challenge to the trial court's jurisdiction, we affirm the termination order.

On 17 March 2017, the Mecklenburg County Department of Social Services (DSS) filed a petition alleging that Laurie was a neglected and dependent juvenile. The petition also alleged that Laurie's mother lived in Ohio and that Laurie lived

---

[1] Pseudonyms are used to protect the identity of the juvenile and for ease of reading.

with respondent-father in Charlotte, North Carolina. DSS believed Laurie was at a substantial risk of injury if she remained in respondent-father's care.

On 12 June 2017, the trial court entered a continuance order. It found that prior to the scheduled adjudication hearing on 23 May 2017, respondent-father's attorney and the guardian ad litem (GAL) attorney advocate informed the court that Laurie had not lived in North Carolina for six months before the juvenile petition was filed and that there appeared to be a valid custody order from Delaware in effect that granted sole custody to respondent-father. The trial court also found that neither Laurie's mother nor respondent-father was still living in Delaware. The court continued the case in order to investigate whether it had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA or the Act).

The matter came on for adjudication and disposition on 26 July and 3 August 2017. On 21 September 2017, the trial court entered an order concluding that Laurie was a neglected and dependent juvenile. In the order, the court also found that Laurie and respondent-father had resided in Charlotte since September 2016 and concluded that it had jurisdiction over the case.

On 19 September 2018, DSS filed a motion in the cause to terminate respondent-father's parental rights on the grounds of neglect and willfully leaving Laurie in foster care for more than twelve months without making adequate progress to correct the removal conditions. *See* N.C.G.S. § 7B-1111(a)(1)–(2) (2019). On 22 March 2019, the trial court entered an order terminating respondent-father's

rights pursuant to N.C.G.S. § 7B-1111(a)(2). The court also concluded that termination was in Laurie's best interest. Respondent-father appealed.

Respondent-father argues that the trial court lacked jurisdiction to enter its termination order. He contends that the trial court failed to comply with the requirements of the UCCJEA when it learned of the Delaware custody order at the beginning of this case and that all the proceedings involving Laurie in North Carolina are therefore void. We disagree.

Because a court must have subject matter jurisdiction in order to adjudicate the case before it, "a court's lack of subject matter jurisdiction is not waivable and can be raised at any time." *In re K.J.L.*, 363 N.C. 343, 346, 677 S.E.2d 835, 837 (2009) (citations omitted). This Court presumes the trial court has properly exercised jurisdiction unless the party challenging jurisdiction meets its burden of showing otherwise. *In re S.E.*, 838 S.E.2d 328, 331 (N.C. 2020).

The trial court must comply with the UCCJEA in order to have subject matter jurisdiction over juvenile abuse, neglect, and dependency cases and termination of parental rights cases. *Id.; see also* N.C.G.S. § 7B-1101 (2019). The trial court is not required to make specific findings of fact demonstrating its jurisdiction under the UCCJEA, but the record must reflect that the jurisdictional prerequisites in the Act were satisfied when the court exercised jurisdiction. *See In re T.J.D.W.*, 182 N.C. App. 394, 397, 642 S.E.2d 471, 473, *aff'd per curiam*, 362 N.C. 84, 653 S.E.2d 143 (2007).

The parties agree that Laurie was the subject of a valid Delaware child custody order when DSS filed the initial neglect and dependency petition on 17 March 2017. Their dispute is whether the trial court had jurisdiction to modify the Delaware order. Respondent-father contends that the record shows the trial court lacked modification authority under the Act.

Section 50A-203 of the North Carolina General Statutes governs when the trial court has jurisdiction to modify an out-of-state custody order under the UCCJEA. It sets out a two-part test for establishing modification jurisdiction: first, the trial court must have jurisdiction to make an initial custody determination under N.C.G.S. § 50A-201(a)(1) or (2), and second, one of the following must have occurred:

> (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207; or
>
> (2) A court of this State or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

N.C.G.S. § 50A-203 (2019). Here, it is undisputed that the second part of this test was met when the trial court made unchallenged findings that Laurie's mother, respondent-father, and Laurie no longer resided in Delaware when DSS filed the juvenile petition. However, respondent-father argues that the trial court did not satisfy the first part of the test because it did not have jurisdiction to make an initial child-custody determination under N.C.G.S. § 50A-201(a).

Section 50A-201(a)(1) states that North Carolina courts have jurisdiction to make an initial custody determination if North Carolina is the "home state" of the child when the proceedings commence. The UCCJEA defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding." N.C.G.S. § 50A-102(7) (2019).

Respondent-father argues that North Carolina was not Laurie's home state at the time DSS filed the neglect and dependency petition. His argument relies primarily on the following finding from the trial court's 12 June 2017 order continuing adjudication of the juvenile petition:

> 2. Prior to the hearing, the GAL Attorney Advocate and the attorney for the Father voiced concerns regarding jurisdiction of the Court in this matter. At the time the petition was filed the juvenile was not residing in North Carolina for the previous six months.

While this finding suggests that North Carolina was not Laurie's home state at the time these proceedings began, it was based on preliminary information provided to the trial court by the GAL attorney advocate and respondent-father's attorney. That initial information was superseded by more accurate information as the case progressed. In its adjudication and disposition order entered on 21 September 2017, the trial court found, "by clear and convincing evidence," that Laurie and respondent-father had been residing in Charlotte "since September 2016[,]" which was more than six months before DSS filed the juvenile petition. This finding was further supported

by respondent-father's testimony at the termination hearing. He stated that he moved to Charlotte on 31 August 2016, and that prior to that time, Laurie was living with her aunt in North Carolina for another one to three months. He further testified that Laurie began living with him as soon as he moved to Charlotte. Thus, the record reflects that Laurie had lived in North Carolina for more than six months by the time DSS filed the juvenile petition on 17 March 2017. Accordingly, North Carolina was Laurie's home state under the UCCJEA, and the trial court had jurisdiction under N.C.G.S. § 50A-203 to modify the Delaware custody order and preside over this case. *See In re S.E.*, 838 S.E.2d at 332 (concluding the trial court had jurisdiction under the UCCJEA based on "stipulations and other record facts" demonstrating that North Carolina was the child's home state).

Respondent-father has not met his burden of showing the trial court lacked jurisdiction under the UCCJEA. We affirm the trial court's order terminating his parental rights.

AFFIRMED.