IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-784

Filed 20 June 2023

Watauga County, No. 21JT20

IN THE MATTER OF: M.L.C.

Appeal by Respondent-Mother from Order entered 27 June 2022 by Judge Hal G. Harrison in Watauga County District Court. Heard in the Court of Appeals 23 May 2023.

> *di Santi Capua & Garrett, PLLC, by Chelsea Bell Garrett, for Petitioner-Appellee Watauga County Department of Social Services.*
>
> *David A. Perez for Respondent-Appellant Mother.*
>
> *Parker Poe Adams & Bernstein LLP, by Stephen V. Carey, for Guardian ad litem.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Respondent-Mother appeals from an Order terminating her parental rights as to minor child, Mark.[1] Relevant to this appeal, the Record before us tends to reflect the following:

---

[1] A pseudonym is used for the minor child designated in the caption as M.L.C.

On 22 March 2021, the Watauga County Department of Social Services (DSS) filed a Juvenile Petition alleging Mark to be a neglected and dependent juvenile. The Petition alleged the following:

On or about 19 March 2021, DSS received a report regarding Mark, which prompted DSS to visit Mark and Respondent-Mother that same day. DSS found Respondent-Mother in an apartment, passed out on a couch, with another individual. A third individual was in a bedroom with Mark. Drug paraphernalia was found throughout the dwelling. Respondent-Mother appeared to be under the influence of an unidentified substance. On that same day, the trial court granted DSS an Order for Nonsecure Custody. Mark was initially placed with his maternal grandmother but was soon thereafter placed in the custody of a foster family, where he remained. Respondent-Mother was personally served by the Watauga County Sheriff's Department with a copy of the Juvenile Petition, Summons, and Order for Nonsecure Custody on 22 March 2021. On 23 November 2021, the trial court entered an Order adjudicating Mark to be a dependent juvenile.

On 13 April 2022, DSS filed a Petition for Termination of Parental Rights (Termination Petition). No summons was issued. However, DSS issued a Notice of Motion Seeking Termination of Parental Rights and a Notice of Termination of Parental Rights Hearing (Notice of Hearing). The Notice of Hearing specified the hearing would be held on "March 26-27, 2022." Respondent-Mother was served with the Termination Petition and the two notices, both personally by the Watauga County

Sheriff's Department on 20 April 2022 and via certified mail.

On 27 March 2022—one of the noticed dates—the trial court held a hearing on the Termination Petition. Trial counsel for Respondent-Mother was present at the hearing and informed the trial court Respondent-Mother was present at the courthouse the day before the hearing—26 March 2022—and was advised to return the next day; however, Respondent-Mother failed to appear. As such, trial counsel made a Motion to Continue. The trial court denied the Motion. Respondent-Mother's trial counsel raised no issue regarding service, and the trial court expressly stated in its pre-trial findings that proper service was made. At the conclusion of the hearing, the trial court concluded grounds exist to terminate Respondent-Mother's parental rights, and it is in Mark's best interest that Respondent-Mother's parental rights be terminated. On 27 June 2022, the trial court entered an Order terminating Respondent-Mother's parental rights in Mark.[2] Respondent-Mother timely filed written Notice of Appeal on 8 July 2022.

## Issues

The dispositive issues on appeal are: (I) whether the trial court properly obtained personal jurisdiction over Respondent-Mother; and (II) whether Respondent-Mother's trial counsel's performance was deficient or fell below an objective standard of reasonableness, affecting Respondent-Mother's fundamental

---

[2] Respondent-Mother does not challenge any of the trial court's Findings of Fact or Conclusions of Law.

right to a fair hearing.

## Analysis

I.   Personal Jurisdiction

Respondent-Mother contends the trial court did not obtain personal jurisdiction over Respondent-Mother. Respondent-Mother contends this is so because: (1) there is no indication in the Record that a summons for the Termination Petition was ever issued and no such summons was ever served upon Respondent-Mother; and (2) "although Respondent-Mother appeared the day *before* the termination trial, she did not appear on the actual day of the termination trial."

"Jurisdiction over the person of a defendant is obtained by service of process upon him, by his voluntary appearance, or consent." *Hale v. Hale*, 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985). Under Rule 12(h)(1) of the North Carolina Rules of Civil Procedure, the "defense of lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2021). "[S]ummons-related defects implicate personal jurisdiction . . . ." *In re K.J.L.*, 363 N.C. 343, 348, 677 S.E.2d 835, 838 (2009). "[A]ny form of general appearance 'waives all defects and irregularities in the process and gives the court jurisdiction of the answering party even though there may have been no service of summons.'" *In re J.T.(I), J.T.(II), A.J.*, 363 N.C. 1, 4, 672 S.E.2d 17, 18 (2009) (quoting *Harmon v. Harmon*, 245 N.C. 83, 86, 95 S.E.2d 355, 359 (1956)

(citations omitted)). "Even without a summons, a court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction." *K.J.L.*, 363 N.C. at 346, 677 S.E.2d at 837 (citation omitted). Further, we note this Court has previously recognized "litigants often choose to waive the defense of defective service when they had actual notice of the action and when the inevitable and immediate response of the opposing party will be to re-serve the process." *In re Dj.L., D.L., & S.L.*, 184 N.C. App. 76, 85, 646 S.E.2d 134, 141 (2007).

Here, Respondent-Mother failed to appear at the termination hearing on 27 March 2022. However, Respondent-Mother appeared at the courthouse the day before, on 26 March 2022, and was instructed by her counsel to appear the following day. She failed to do so. Even assuming without deciding Respondent-Mother did not *herself* make a general appearance before the trial court in this proceeding—despite having actual notice of the Termination Petition and hearing and appearing on the first noticed date, 26 March 2022—trial counsel for Respondent-Mother appeared before the trial court on 27 March 2022 without objecting to personal jurisdiction.[3] And, to trial counsel's credit, he attempted to continue the proceeding to make further efforts to secure Respondent-Mother's presence. His general appearance was not one made in a manner that simply waived any possible defect—

---

[3] Respondent-Mother did not raise any objection to service or personal jurisdiction when she was present on 26 March 2022.

he ably cross-examined the sole witness in the matter, a DSS worker, and elicited testimony that was beneficial to Respondent-Mother's case. His general appearance was more than just cursory, and as such, the trial court properly obtained personal jurisdiction over Respondent-Mother. *Williams v. Williams*, 46 N.C. App. 787, 789, 266 S.E.2d 25, 27 (1980) ("[I]t has long been the rule in this jurisdiction that a general appearance by a party's attorney will dispense with process and service.").

II.    Ineffective Assistance of Counsel

Respondent-Mother next contends she received ineffective assistance of counsel because her trial counsel failed to object to the lack of personal jurisdiction on 27 March 2022. To the extent Respondent-Mother did in fact have an objection to the lack of personal jurisdiction—even after appearing before the trial court the day before—Respondent-Mother failed to demonstrate such an objection would affect the outcome of the termination hearing.

"When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures." *In re K.N.*, 181 N.C. App. 736, 741, 640 S.E.2d 813, 817 (2007) (citation and quotation marks omitted). The Juvenile Code provides: "[i]n cases where the juvenile petition alleges that a juvenile is abused, neglected, or dependent," N.C. Gen. Stat. § 7B-602(a) (2021), and "[w]hen a petition [for termination of parental rights] is filed," the parent "has the right to counsel, and to appointed counsel in cases of indigency, unless the parent waives the right," N.C. Gen. Stat.§ 7B-1101.1(a) (2021).

> When addressing a contention by a respondent that he or she received ineffective assistance of counsel, this Court has explained that: "Parents have a right to counsel in all proceedings dedicated to the termination of parental rights. Counsel necessarily must provide effective assistance, as the alternative would render any statutory right to counsel potentially meaningless. To prevail on a claim of ineffective assistance of counsel, respondent must show that counsel's performance was deficient and the deficiency was so serious as to deprive him of a fair hearing. To make the latter showing, the respondent must prove that there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings."

*In re B.S.*, 378 N.C. 1, 5, 859 S.E.2d 159, 161-62 (2021) (quoting *In re G.G.M.*, 377 N.C. 29, 41-42, 833 S.E.2d 478, 487 (2021) (citations and quotation marks omitted)).

Thus, Respondent-Mother "must prove that there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *G.G.M.*, 377 N.C. at 42, 833 S.E.2d 487. Respondent-Mother has failed to do so. In fact, Respondent-Mother contends trial counsel "is able counsel but in regard to *this* particular instance of not having objected to the court not having obtained personal jurisdiction over his client . . . 'was deficient or fell below an objective standard of reasonableness.'" The Record before us reflects Respondent-Mother had actual notice of both the termination action and hearing. Indeed, Respondent-Mother acknowledges she was personally served by Watauga County Sheriff's Department with the Termination Petition, Notice of the Motion Seeking Termination of Respondent-Mother's Parental Rights, and Notice of the Termination

Hearing.[4]  A review of the Record also reveals trial counsel moved to continue the proceeding when Respondent-Mother, who was present at the courthouse the day before, failed to appear on the day the termination hearing began.

Thus, Respondent-Mother has failed to demonstrate that but for trial counsel's failure to object to the lack of personal jurisdiction, there would have been a different result in the termination hearing.  Therefore, trial counsel's waiver of the defense of lack of personal jurisdiction based on defective service of process did not constitute deficient performance.  Consequently, Respondent-Mother was not deprived of a fair hearing, and we affirm the trial court's Order terminating Respondent-Mother's parental rights in Mark.

## Conclusion

Accordingly, for the foregoing reasons, we affirm the trial court's Order terminating Respondent-Mother's parental rights to Mark.

AFFIRMED.

Judges FLOOD and RIGGS concur.

---

[4] Upon the filing of a motion for termination of parental rights pursuant to N.C. Gen. Stat. § 7B-1102, a notice in the underlying abuse, neglect, or dependency matter must be prepared pursuant to N.C. Gen. Stat. § 7B-1106.1.  Upon the filing of a petition for termination of parental rights, a summons must be issued pursuant to N.C. Gen. Stat. § 7B-1106.