[189 N.C. App. 206 (2008)]

IN THE MATTER OF J.T. (I), J.T. (II), A.J.

No. COA07-1372

(Filed 4 March 2008)

**Termination of Parental Rights— subject matter jurisdiction—
failure to issue summons to juveniles**

The trial court erred by terminating respondents' parental rights, and the order is vacated based on lack of subject matter jurisdiction, because no summons was issued to the juveniles as required by N.C.G.S. § 7B-1106(a)(5).

Judge STEPHENS concurring in the result.

Appeal by respondent-mother and respondent-father J.T. from order terminating parental rights filed 24 August 2007 by Judge Edward A. Pone in Cumberland County District Court. Heard in the Court of Appeals 18 February 2008.

*Elizabeth Kennedy-Gurnee for petitioner-appellee Cumberland County Department of Social Services.*

*Beth A. Hall, attorney advocate, for appellee Guardian ad Litem.*

*Richard Croutharmel for respondent-mother.*

*Peter Wood for respondent-father J.T.*

STEELMAN, Judge.

Where no summons has been issued to the juvenile as required by N.C. Gen. Stat. § 7B-1106(a)(5), we must vacate an order terminating parental rights under N.C. Gen. Stat. Chapter 7B for lack of subject matter jurisdiction.

While married to J.J., respondent-mother M.J. ("mother") gave birth to A.J. in 1999, J.A.T. ("J.T. II") in 2003, and J.T.T. ("J.T. I") in 2004. A.J., J.T. I, and J.T. II ("minor children") were removed from their mother's care in October 2004 pursuant to a non-secure custody order alleging neglect and dependency. On 15 December 2004, the trial court awarded legal and physical custody of the children to Cumberland County Department of Social Services ("DSS"). The minor children were adjudicated dependent in an order entered on 17 October 2005 and neglected and abused in an order entered on 22

**IN RE J.T., J.T., A.J.**

[189 N.C. App. 206 (2008)]

December 2005. Although the two younger children were returned on a trial basis to mother's care during this time, they were again removed in January 2006 for mother's failure to supervise or to provide proper medical attention. On 31 July 2006, the permanency plan for the minor children was changed from reunification to adoption.

On 26 May 2006, following a paternity test, respondent father J.T. ("father") was adjudicated to be the father of minor children J.T. I and J.T. II.

On 6 October 2006, following mother's move out-of-state and father's incarceration, DSS filed a petition to terminate parental rights. On the same date, a summons was issued that named respondent-mother and the fathers, but not the minor children, as respondents. The trial court terminated respondents' parental rights by order[1] entered on 24 August 2007. N.C. Gen. Stat. § 7B-1110, 7B-1111(a) (2007).

Mother appeals the order terminating her rights as to all three minor children. Father appeals from the same order terminating his parental rights as the biological father of the minor children J.T. I and J.T. II.

> The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court. When the record clearly shows that subject matter jurisdiction is lacking, the Court will take notice and dismiss the action *ex mero motu*. Every court necessarily has the inherent judicial power to inquire into, hear and determine questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction.

*Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85-86 (1986) (internal citations omitted). The judicial procedure for termination of parental rights includes procedural protections that must be followed to endow the court with subject matter jurisdiction. N.C. Gen. Stat. § 7B-1101 *et seq.* (2005). In relevant part, N.C. Gen. Stat. § 7B-1105(a)(5) requires that a summons be issued to the juvenile, "who shall be named as a respondent." *Id.* (2005).

The record reveals that DSS failed to cause to be issued a summons to the juveniles, as required by N.C. Gen. Stat. § 7B-1106(a)(5) (2005). " 'In order for a summons to serve as proper notification, it

---

1. Although the rights of father J.J. were also terminated, he is not a party to the instant appeal.

**IN RE J.T., J.T., A.J.**

[189 N.C. App. 206 (2008)]

must be issued and served in the manner prescribed by statute.' " *Latham v. Cherry*, 111 N.C. App. 871, 874, 433 S.E.2d 478, 481 (1993) (quoting *Everhart v. Sowers*, 63 N.C. App. 747, 750, 306 S.E.2d 472, 474 (1983)), *cert. denied*, 335 N.C. 556, 441 S.E.2d 116 (1994).

"This Court has recently held that the failure to issue a summons to the juvenile deprives the trial court of subject matter jurisdiction." *In re K.A.D.*, 187 N.C. App. 502, 504, 653 S.E.2d 427, 428-29 (2007) (citing *In re C.T. & R.S.*, 182 N.C. App. 472, 475, 643 S.E.2d 23, 25 (2007)). We are bound by our prior holdings on this issue. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989). We do not reach the assignments of error set forth and argued by the parties to this appeal.

We vacate the order terminating parental rights.

VACATED.

Judge CALABRIA concurs.

Judge STEPHENS concurs in separate opinion.

STEPHENS, Judge, concurring.

For the reasons set forth in my concurring opinion in *In re A.F.H-G.*, 189 N.C. App. ——, —— S.E.2d —— (2008), I concur in the result of the opinion of the Court.