# SUPREME COURT

OF

## North Carolina

AT

## Raleigh

IN THE MATTER OF J.T. (I), J.T. (II), A.J.

No. 155PA08

(Filed 6 February 2009)

**Process and Service; Termination of Parental Rights— failure to issue summons on juveniles—subject matter jurisdiction—personal jurisdiction**

The Court of Appeals erred in a termination of parental rights (TPR) case by determining ex mero motu that failure to name a juvenile as respondent or to serve a summons upon the juvenile in accordance with N.C.G.S. § 7B-1106(a) precludes the trial court from exercising subject matter jurisdiction over the action because: (1) these summons-related deficiencies implicate personal jurisdiction rather than subject matter jurisdiction; (2) although a challenge to a court's jurisdiction over the subject matter of an action cannot be waived at any point in the proceedings, objections to a court's exercise of personal jurisdiction must be raised by the parties themselves and can be waived in a number of ways; (3) the requirements of N.C.G.S. § 7B-1101 were satisfied and thus the trial court's subject matter jurisdiction attached upon issuance of a summons to respondent parents; (4) any form of general appearance waives all defects and irregularities in the process and gives the court jurisdiction of the answering party even though there may have been no service of summons, and in the instant case the full participation of the

1

**IN RE J.T. (I), J.T. (II), A.J.**

[363 N.C. 1 (2009)]

juveniles' guardian ad litem and the attorney advocate throughout the TPR proceedings, without objection to the trial court's exercise of personal jurisdiction over the juveniles, constituted a general appearance and served to waive any such objections that might have been made; and (4) it was inconsequential to the trial court's subject matter jurisdiction that no summons named any of the three juveniles as respondent and that no summons was ever served on the juveniles or their GAL since these errors are examples of insufficiency of process and insufficiency of service of process, respectively, both of which are defenses that implicate personal jurisdiction and thus can be waived by the parties.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 189 N.C. App. 206, 657 S.E.2d 692 (2008), vacating an order terminating parental rights filed on 24 August 2007 by Judge Edward A. Pone in District Court, Cumberland County. Heard in the Supreme Court on 16 December 2008.

*Elizabeth Kennedy-Gurnee, Staff Attorney, for petitioner-appellant Cumberland County Department of Social Services, and Beth A. Hall, Attorney Advocate, for appellant Guardian ad Litem.*

*Richard Croutharmel for respondent-appellee mother.*

*Peter Wood for respondent-appellee father J.T.*

NEWBY, Justice.

This case presents the issue of whether, in an action to terminate parental rights, failure to name a juvenile as respondent or to serve a summons upon the juvenile in accordance with N.C.G.S. § 7B-1106(a) precludes the trial court from exercising subject matter jurisdiction over the action. Because we hold that these summons-related deficiencies implicate personal jurisdiction rather than subject matter jurisdiction, we reverse the decision of the Court of Appeals.

On 6 October 2006, the Cumberland County Department of Social Services ("DSS") filed a petition to terminate respondents' parental rights with respect to the juveniles J.T. I, J.T. II, and A.J. That same day, a summons was issued naming, *inter alia*, M.J. (mother of all three juveniles) and J.T. (father of J.T. I and J.T. II) as respondents. The trial court filed an order of termination on 24 August 2007, from which respondent-mother M.J. and respondent-father J.T. appealed.

**IN RE J.T. (I), J.T. (II), A.J.**

[363 N.C. 1 (2009)]

Although the parties did not raise the question, the Court of Appeals determined *ex mero motu* that "DSS failed to cause to be issued a summons to the juveniles, as required by [N.C.G.S.] § 7B-1106(a)(5) (2005)." *In re J.T. (I)*, 189 N.C. App. 206, 207, 657 S.E.2d 692, 693 (2008). Based on this finding, the Court of Appeals vacated the trial court's order without reaching the parties' assignments of error, stating that " 'the failure to issue a summons to the juvenile deprives the trial court of subject matter jurisdiction.' " *Id.* at 208, 657 S.E.2d at 693 (quoting *In re K.A.D.*, 187 N.C. App. 502, 504, 653 S.E.2d 427, 428-29 (2007)). This Court allowed discretionary review on the issue of whether the trial court lacked subject matter jurisdiction because of the failure to fully comply with N.C.G.S. § 7B-1106(a).

Section 7B-1106 of the General Statutes, which governs the issuance of summons in termination of parental rights ("TPR") proceedings, provides in relevant part: "[U]pon the filing of the petition, the court shall cause a summons to be issued. The summons shall be directed to the following persons . . . who shall be named as respondents: . . . (5) The juvenile." N.C.G.S. § 7B-1106(a) (2007). The statute further requires that the summons be served on the juvenile through the juvenile's guardian ad litem ("GAL") "if one has been appointed." *Id.* In the instant case, the summons did not name the juveniles as respondents, nor was it served on the juveniles through a GAL. Nonetheless, a GAL and an attorney advocate were appointed to represent the juveniles, and both fully participated in the TPR proceedings without objecting to the court's exercise of jurisdiction in the action or over the juveniles. We must now determine whether their participation served to waive any jurisdictional objections that could have been raised based on the failure to fully comply with N.C.G.S. § 7B-1106(a).

It is well settled that a challenge to a court's jurisdiction over the subject matter of an action cannot be waived at any point in the proceedings. *See id.* § 1A-1, Rule 12(h)(3) (2007). This is because "the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964) (citing *High v. Pearce*, 220 N.C. 266, 17 S.E.2d 108 (1941)). "When the record clearly shows that subject matter jurisdiction is lacking, the [c]ourt will take notice and dismiss the action *ex mero motu*" in order to avoid exceeding its authority. *Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986) (citing *In re Burton*, 257 N.C. 534, 126 S.E.2d 581 (1962)); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 176-80, 2 L. Ed. 60, 73-74

**IN RE J.T. (I), J.T. (II), A.J.**

[363 N.C. 1 (2009)]

(1803) (in which the Supreme Court of the United States refused to issue mandamus to Secretary of State James Madison because such action would have been a constitutionally unauthorized exercise of jurisdiction).

Objections to a court's exercise of personal (in personam) jurisdiction, on the other hand, must be raised by the parties themselves and can be waived in a number of ways. *E.g.*, N.C.G.S. § 1A-1, Rule 12(h)(1) (2007) (stating that defense of lack of personal jurisdiction is waived if omitted from a Rule 12(g) motion or if it is neither raised by any other Rule 12 motion nor included in a responsive pleading). Broadly stated, any form of general appearance "waives all defects and irregularities in the process and gives the court jurisdiction of the answering party even though there may have been no service of summons." *Harmon v. Harmon*, 245 N.C. 83, 86, 95 S.E.2d 355, 359 (1956) (citations omitted).

In any given case under the Juvenile Code, "[t]he issuance and service of process is the means by which the court obtains jurisdiction, and thus where *no* summons is issued, the court acquires jurisdiction over neither the parties nor the subject matter of the action." *In re Poole*, 151 N.C. App. 472, 475, 568 S.E.2d 200, 202 (2002) (Timmons-Goodson, J., dissenting) (citations omitted), *rev'd per curiam for reasons stated in dissenting opinion*, 357 N.C. 151, 579 S.E.2d 248 (2003). In the case *sub judice*, it is undisputed that a summons was issued upon the filing of the TPR petition by DSS. It is equally clear that the General Assembly has granted subject matter jurisdiction to the trial court to hear and determine TPR petitions within a prescribed set of circumstances. N.C.G.S. § 7B-1101 (2007). Because the jurisdictional requirements of N.C.G.S. § 7B-1101 were satisfied in the instant case, the trial court's subject matter jurisdiction was properly invoked upon the issuance of a summons.

It is inconsequential to the trial court's subject matter jurisdiction that no summons named any of the three juveniles as respondent and that no summons was ever served on the juveniles or their GAL. These errors are examples of insufficiency of process and insufficiency of service of process, respectively, both of which are defenses that implicate personal jurisdiction and thus can be waived by the parties. *See id.* § 1A-1, Rule 12(h)(1); *Harmon*, 245 N.C. at 86, 95 S.E.2d at 359. The full participation of the juveniles' GAL and the attorney advocate throughout the TPR proceedings, without objection to the trial court's exercise of personal jurisdiction over the juveniles, constituted a general appearance and served to waive any such

SAFT AM., INC. v. PLAINVIEW BATTERIES, INC.

[363 N.C. 5 (2009)]

objections that might have been made. *See Harmon*, 245 N.C. at 86, 95 S.E.2d at 359. The trial court thus acquired and properly exercised jurisdiction over the juveniles. *Id.*

In summary, given that the requirements of N.C.G.S. § 7B-1101 were satisfied, the trial court's subject matter jurisdiction attached upon issuance of a summons. It is therefore unnecessary to make inquiry into the summons beyond a determination of whether a summons was issued. The deficiencies in the summons implicated the court's jurisdiction over the juveniles, not over the action as a whole, and any defenses arising from those deficiencies were waived by general appearance. The decision of the Court of Appeals is therefore reversed and this case is remanded to that court for consideration of the parties' assignments of error.

REVERSED AND REMANDED.