678 S.E.2d 658 (2009)
In the Matter of N.C.H., G.D.H., D.G.H.
No. 463A08.
Supreme Court of North Carolina.
March 20, 2009.
*659 Charles E. Frye, III, Staff Attorney, for petitioner-appellee Davidson County Department of Social Services, and Laura B. Beck, Attorney Advocate, for appellee Guardian ad Litem.
Don Willey, for respondent-appellant mother.
Annick Lenoir-Peek, Assistant Appellate Defender, for Office of the Appellate Defender, amicus curiae.
PER CURIAM.
The result reached by the Court of Appeals is affirmed. However, in light of our opinion in In re J.T. (I), 363 N.C. 1, 672 S.E.2d 17 (2009), the following language from the Court of Appeals' opinion is specifically disavowed: "[S]ervice [of the summons] on the guardian ad litem constitutes service on the juvenile, which is sufficient to establish subject matter jurisdiction when combined with naming the juvenile in the caption of the summons." In re N.C.H., ___ N.C.App. ___, ___, 665 S.E.2d 812, 813 (2008) (citing In re J.A.P., 189 N.C.App. 683, 686-87, 659 S.E.2d 14, 17 (2008)). It is true in termination of parental rights cases that service of the summons on the juvenile is accomplished through the juvenile's guardian ad litem "if one has been appointed." N.C.G.S. § 7B-1106(a) (2007). We reject the notion, though, that service of the summons on any particular party is necessary to invoke the trial court's subject matter jurisdiction. In re J.T. (I), 363 N.C. at 4, 672 S.E.2d at 19 ("[T]he trial court's subject matter jurisdiction was properly invoked upon the issuance of a summons." (emphasis added)).
AFFIRMED.