IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-31

No. 266A21

Filed 18 March 2022

IN THE MATTER OF: A.L.I.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) (2019) from an order entered on 9 June 2021 by Judge William F. Brooks in District Court, Wilkes County. This matter was calendared for argument in the Supreme Court on 18 February 2022 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Mary McCullers Reece for respondent-appellant father.*

*No brief filed by petitioner-appellee mother.*

*No brief filed by Guardian ad Litem.*

NEWBY, Chief Justice.

Respondent, the father of A.L.I. (Amy), appeals from the trial court's order terminating his parental rights.[1] After careful review, we affirm.

Amy was born on 29 July 2013 to petitioner-mother and respondent. Though petitioner and respondent never married, they lived together with Amy for

---

[1] A pseudonym is used in this opinion to protect the juvenile's identity and for ease of reading.

approximately two years. On 2 August 2016, petitioner took out a domestic violence protective order in Mecklenburg County, which lasted one year. Respondent then filed a custody action in Cabarrus County. While the custody action was pending, respondent took Amy and fled the state. At that time, respondent had an outstanding order for his arrest due to his failure to appear and serve jail time for a conviction of felony second-degree burglary. After respondent refused to return to the state with Amy, a child custody order was entered in Cabarrus County on 11 April 2017, granting petitioner exclusive care, control, and custody of Amy. Respondent was arrested in New York on or about 28 April 2017 and remained incarcerated in New York for the remainder of the trial court proceedings. After respondent's arrest, petitioner picked up Amy in New York in May of 2017. Since then, Amy has remained with petitioner.

¶ 3          Petitioner filed a petition to terminate respondent's parental rights to Amy on 17 April 2020. The trial court held a pretrial hearing on 30 April 2021 where petitioner's counsel stated that respondent "was served with a summons and the petition on May the 8th, 2020 via personal service at Bare Hill Correctional Facility in New York State." During the proceedings, respondent wrote several letters to the trial court, was represented by counsel, and fully participated in the hearings remotely. Following a hearing on 30 April 2021, in which respondent participated remotely and his counsel in person, the trial court entered an order on 9 June 2021

concluding that grounds existed to terminate respondent's parental rights based upon neglect and willful abandonment.[2] *See* N.C.G.S. § 7B-1111(a)(1), (7) (2021).

¶ 4        The only argument presented on appeal, which is here raised for the first time, is that the trial court did not have subject matter jurisdiction to terminate respondent's parental rights. According to respondent, since he is a nonresident, N.C.G.S. §§ 7B-1101 and 7B-1106 (2021) require that he be served with a summons in order to confer subject matter jurisdiction upon the trial court.[3] In respondent's view the requirement in N.C.G.S. § 7B-1101 that "before exercising jurisdiction under this Article regarding the parental rights of a nonresident parent, the court shall find . . . that process was served on the nonresident parent" pertains to the trial court's exercise of subject matter jurisdiction rather than personal jurisdiction. N.C.G.S. § 7B-1101. Respondent contends that since there is no evidence in the record to support a finding that respondent was served with a summons, the trial court lacked subject matter jurisdiction to terminate his parental rights. Thus, the question presented in this appeal is whether the statutory language refers to personal jurisdiction or subject matter jurisdiction. Directed by our prior decisions, we

---

[2] In that order, the trial court found that "[respondent] was personally served at Bare Hill with the summons and petition in this action on May 8, 2020." Nonetheless, for purposes of this opinion, we assume that respondent was not properly served with the summons.

[3] Respondent relies upon an unpublished opinion from the Court of Appeals. *See In re P.D.*, No. COA16-1317, 2017 WL 3255343 (N.C. Ct. App. Aug. 1, 2017) (unpublished).

determine the language relates to personal jurisdiction.

Pursuant to the broad language of N.C.G.S. § 7B-1101, a trial court has "exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who . . . is found in . . . the district at the time of filing of the petition or motion." *Id.* "Because litigants cannot consent to jurisdiction not authorized by law, they may challenge 'jurisdiction over the subject matter . . . at any stage of the proceedings, even after judgment.' " *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (alteration in original) (quoting *Pulley v. Pulley*, 255 N.C. 423, 429, 121 S.E.2d 876, 880 (1961)). Thus, "[a]rguments regarding subject matter jurisdiction may even be raised for the first time before this Court." *Id.* Arguments of insufficient service of process, however, "are defenses that implicate personal jurisdiction and thus can be waived by the parties." *In re J.T.*, 363 N.C. 1, 4, 672 S.E.2d 17, 19 (2009); *see* N.C.G.S. § 1A-1, Rule 12(h)(1) (2021) ("A defense of . . . insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . .").

In cases arising under the Juvenile Code as with other civil matters, deficiencies in the issuance or service of a summons affect a trial court's jurisdiction over the parties to an action and not over the subject matter of the case. *See In re K.J.L.*, 363 N.C. 343, 348, 677 S.E.2d 835, 838 (2009). In *In re K.J.L.*, Davidson County Department of Social Services (DSS) filed a juvenile petition alleging that the

juvenile was neglected and dependent, but a summons was never issued. *Id.* at 344–45, 677 S.E.2d at 836–37. Nonetheless, both parents stipulated that the juvenile was neglected, and the trial court entered an order to that effect. *Id.* at 344, 677 S.E.2d at 836. DSS then filed a petition to terminate both parents' parental rights, and a summons was properly issued and served. *Id.* The respondent-mother participated in the TPR hearing without objecting to the trial court's jurisdiction, and the trial court entered an order terminating her parental rights.[4] *Id.* The respondent-mother appealed, and the Court of Appeals concluded that the trial court lacked subject matter jurisdiction to terminate the respondent-mother's parental rights because a summons was never issued in the neglect and dependency proceeding. *Id.* at 344–45, 677 S.E.2d at 836.

¶ 7     We reversed the decision of the Court of Appeals. *Id.* at 348, 677 S.E.2d at 838. In doing so, we explained that "the summons is not the vehicle by which a court obtains subject matter jurisdiction over a case, and failure to follow the preferred procedures with respect to the summons does not deprive the court of subject matter jurisdiction." *Id.* at 346, 677 S.E.2d at 837. We further noted that "[b]ecause the summons affects jurisdiction over the person rather than the subject matter, . . . a general appearance by a [respondent-parent] 'waive[s] any defect in *or nonexistence*

---

[4] The respondent-father did not respond to the TPR petition and failed to appear at the hearing. *In re K.J.L.*, 363 N.C. at 344, 677 S.E.2d at 836. The trial court's order also terminated the respondent-father's parental right, but he did not appeal. *Id.*

*of* a summons.' " *Id.* at 347, 677 S.E.2d at 837 (emphasis and fourth alteration in original) (quoting *Dellinger v. Bollinger*, 242 N.C. 696, 698, 89 S.E.2d 592, 593 (1955)). Therefore, we concluded that "[a]ny deficiencies in the issuance and service of the summonses in the neglect and TPR proceedings at issue in this case did not affect the trial court's subject matter jurisdiction, and any defenses implicating personal jurisdiction were waived by the parties." *Id.* at 348, 677 S.E.2d at 838.

¶ 8        Similarly, in *In re J.T.*, we addressed various issues regarding the issuance and service of a summons in a TPR action. *In re J.T.*, 363 N.C. at 2, 672 S.E.2d at 17. There a summons was issued, but it failed to name the juveniles as respondents and was never served upon the juveniles through a GAL. *Id.* at 3, 672 S.E.2d at 18. We explained that

> [i]t is inconsequential to the trial court's subject matter jurisdiction that no summons named any of the three juveniles as respondent and that no summons was ever served on the juveniles or their GAL. These errors are examples of insufficiency of process and insufficiency of service of process, respectively, both of which are defenses that implicate personal jurisdiction and thus can be waived by the parties. The full participation of the juveniles' GAL and the attorney advocate throughout the TPR proceedings, without objection to the trial court's exercise of personal jurisdiction over the juveniles, constituted a general appearance and served to waive any such objections that might have been made.

*Id.* at 4–5, 672 S.E.2d at 19 (citations omitted) (citing N.C.G.S. § 1A-1, Rule 12(h)(1) (2007); *Harmon v. Harmon*, 245 N.C. 83, 86, 95 S.E.2d 355, 359 (1956)). In other

words, the arguments about deficiencies in the summons and insufficient service were waived when not presented to the trial court. *Id.* Therefore, we concluded that "the trial court's subject matter jurisdiction was properly invoked." *Id.* at 4, 672 S.E.2d at 19.

¶ 9 A parent's status as a nonresident does not alter the fact that arguments of insufficient service of a summons pertain to personal jurisdiction rather than subject matter jurisdiction. *See In re K.J.L.*, 363 N.C. at 346, 677 S.E.2d at 837; N.C.G.S. § 1A-1, Rule 12(h)(1). Reading N.C.G.S. § 7B-1101 in conjunction with Rule 12(h)(1) and our prior decisions, it is clear that if a nonresident respondent-parent participates in the TPR proceedings without raising an objection to the trial court exercising personal jurisdiction, then he waives any argument of insufficient service of process. *See In re J.T.*, 363 N.C. at 4, 672 S.E.2d at 19; *In re K.J.L.*, 363 N.C. at 348, 677 S.E.2d at 838. Here respondent fully participated in the proceedings and was represented by counsel. Respondent personally wrote several letters to the trial court and was present at the hearings via speakerphone. Since respondent appeared in the proceeding without preserving his objection to the trial court's exercise of personal jurisdiction over him, his argument regarding insufficient service of process is waived.

¶ 10 Regardless of a respondent-parent's residency status, the issuance and service of a summons do not affect a trial court's subject matter jurisdiction in a TPR action.

Here the trial court's subject matter jurisdiction was properly invoked. Since the alleged summons-related deficiencies implicate personal jurisdiction not subject matter jurisdiction, respondent waived his insufficient service argument by participating in the proceedings without objecting. Therefore, we affirm the trial court's 9 June 2021 order terminating respondent's parental rights.

AFFIRMED.