JOSHUA PERDUE, Plaintiff v. SHEENA FUQUA, Defendant

No. COA07-1358

(Filed 3 March 2009)

**Child Support, Custody, and Visitation— grandmother—motion to intervene—lack of standing**

The trial court did not err by dismissing intervenor's motion to intervene in a custody proceeding between her daughter and the father of her granddaughter based on lack of standing because: (1) while intervenor satisfied the definition of "other person" since she was the primary caregiver since birth and she had a close familial relationship with the minor child, the grandmother was still required to allege parental unfitness; (2) despite the broad language of N.C.G.S. § 50-13.1, nonparents do not have standing to seek custody against a parent unless they overcome the presumption that the parents has the superior right to the care, custody, and control of the minor child; (3) although intervenor contends she only needed to set forth a claim to demonstrate a change of circumstances since there was a motion for custody ongoing between the parents, that standard is for a grandparent seeking visitation instead of custody; (4) there has been no substantial change in circumstances since the entry of the 8 February 2006 order, and the trial court reinforced its indication that both parents were fit and proper persons for the care of the minor child; and (5) the assertion that intervenor would be able to afford the minor child a higher standard of living was not relevant to the issue of the parents' constitutionally protected parental interest.

Appeal by intervenor from order entered 16 July 2007 by Judge James A. Grogan in Rockingham County District Court. Heard in the Court of Appeals 13 May 2008.

PERDUE v. FUQUA

[195 N.C. App. 583 (2009)]

*Walker & Bullard, P.A., by Daniel S. Bullard, for intervenor-appellant.*

*No brief filed for plaintiff-appellee.*

*No brief filed for defendant-appellee.*

CALABRIA, Judge.

Sheila Fuqua ("intervenor") appeals an order denying her Motion to Intervene in a custody proceeding between her daughter, Sheena Fuqua ("defendant") and the father of her granddaughter, Joshua Perdue ("plaintiff"). We affirm.

Plaintiff and defendant (collectively referred to as "the parties" or "the parents") are the biological parents of Shelly Marie Fuqua ("the minor child"). The parties were married on 15 November 2003, separated on 20 August 2004, and divorced on 9 January 2006. Prior to the divorce, the minor child was born on 12 May 2005. On 8 February 2006, the trial court ordered, *inter alia*, joint legal and physical custody ("custody order"). The parties alternated weeks with the minor child.

On 16 March 2007 defendant did not return the minor child to the plaintiff as scheduled. On 15 June 2007, plaintiff filed a motion to show cause and a motion for an *ex parte* order alleging defendant violated the custody order by refusing to return the minor child to plaintiff. The trial court granted plaintiff's motion for an emergency *ex parte* protective order ("ex parte order"), ordered local law enforcement to assist plaintiff in obtaining physical custody of the minor child. The court granted plaintiff legal and physical custody of the minor child, pending further orders of the court and a full hearing on the merits. A hearing was scheduled for 27 June 2007.

On 20 June 2007, intervenor filed a motion to intervene, a motion for custody, and a motion to strike the ex parte order. Intervenor believed the trial court should allow her to intervene since she was the primary caregiver of the minor child since the child was born. Intervenor alleged, *inter alia*, the plaintiff's seventeen-year-old girlfriend was taking care of the minor child, therefore the court should grant her custody of the minor child.

Plaintiff moved to dismiss intervenor's motion, in part, on the basis intervenor lacked standing. On 16 July 2007, the Honorable James A. Grogan ("Judge Grogan") of Rockingham County District

Court denied intervenor's motions on the basis that her allegations did not rise to the level of a substantial change in circumstances. In addition, Judge Grogan set aside the emergency custody order entered on 15 June 2007. As a result the court reinstated the 8 February 2006 order for child custody and visitation, and preserved the show cause order entered 15 June 2007 as well as the plaintiff's motion for attorney's fees for a later date. From this order, intervenor appeals.

## Standing

The trial court denied the motion to intervene and, therefore, never addressed intervenor's motion for custody. As a result, the sole issue before this Court is whether the trial court properly denied intervenor's motion to intervene for lack of standing. Intervenor argues that she has standing and therefore the trial court erred in dismissing her motion. We disagree.

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction. Standing is a question of law which this court reviews *de novo*." *Cook v. Union Cty. Zoning Bd. of Adjust.*, 185 N.C. App. 582, 588, 649 S.E.2d 458, 464 (2007) (internal citations and quotations omitted). "Standing is jurisdictional in nature and consequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of the case are judicially resolved." *In re S.E.P.*, 184 N.C. App. 481, 487, 646 S.E.2d 617, 621 (2007) (internal quotations omitted). "A court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking." *Id.* at 486, 646 S.E.2d at 621.

Standing in custody disputes is governed by N.C. Gen. Stat. § 50-13.1(a), which "grants grandparents the broad privilege to institute an action for custody or visitation as allowed in G.S. §§ 50-13.2(b1), 50-13.2A, and 50-13.5(j)." *Eakett v. Eakett*, 157 N.C. App. 550, 552, 579 S.E.2d 486, 488 (2003). N.C. Gen. Stat. § 50-13.1(a) (2007) permits "[a]ny parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child [to] institute an action or proceeding for the custody of such child, as hereinafter provided." Intervenor based her right to intervene on N.C. Gen. Stat. § 50-13.5(j) (2007) which permits a grandparent to petition for custody or visitation due to changed circumstances in those actions where custody has previously been determined. Thus, under N.C. Gen. Stat. § 50-13.5(j), the proper procedure for

the grandmother was to file, as she did, a Motion to Intervene and a Motion for Custody.

Despite the statute's broad language, our Courts have distinguished grandparents' standing to seek visitation from grandparents' standing to seek custody. In order for a grandparent to initiate a proceeding for visitation, there must be an ongoing custody proceeding and the child's family must not be an intact family. *McIntyre v. McIntyre*, 341 N.C. 629, 635, 461 S.E.2d 745, 749 (1995). "The *McIntyre* holding was narrowly limited to suits initiated by grandparents for *visitation* and does not apply to suits for *custody*." *Sharp v. Sharp*, 124 N.C. App. 357, 360, 477 S.E.2d 258, 260 (1996) (emphasis in original). In contrast, a grandparent initiating a proceeding for custody must allege unfitness of a parent due to neglect or abandonment. *Id.*, *Eakett*, 157 N.C. App. at 553, 579 S.E.2d at 489 (grandparents initiating custody lawsuits under N.C. Gen. Stat. § 50-13.1(a) must show parent is unfit or has taken action inconsistent with her parental status to gain custody of the minor child, not necessary to show child is not in an intact family).

While this Court recognizes that intervenor satisfies the definition of "other person" because she was the primary caregiver since birth and she had a close familial relationship with the minor child, the grandmother is still required to allege parental unfitness. Despite the broad language of N.C. Gen. Stat. § 50-13.1, non-parents do not have standing to seek custody against a parent unless they overcome the presumption that the parent has the superior right to the care, custody, and control of the minor child. *Petersen v. Rogers*, 337 N.C. 397, 403-04, 445 S.E.2d 901, 905 (1994). A parent can lose this superior right status through conduct inconsistent with the presumption that the parent is the best person to have primary custody over the child. *Price v. Howard*, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997).

While the court applies the best interest of the child analysis in a custody action between parents, to do so when the custody dispute is between a parent and a non-parent offends the Due Process Clause if the "parent's conduct has not been inconsistent with his or her constitutionally protected status. . . ." *Id.* If the non-parent can show the parent engaged in conduct inconsistent with his or her right to custody, such as abandonment, then the court can apply the best interest test to determine whether the non-parent should receive custody. *Id.*

Therefore, absent a showing by intervenor that the natural parents are unfit, have neglected the welfare of the child, or have acted

in a manner inconsistent with the paramount status provided by the Constitution, the intervenor does not have standing. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005). Without jurisdiction the trial court must dismiss all claims brought by the intervenor.

### Intervenor's Arguments

Intervenor argues that because there was a motion for custody ongoing between the parents she need only set forth a claim that could demonstrate a change in circumstances. Intervenor, however, cites authority that provides standing for grandparents seeking visitation, not custody. Intervenor has failed to recognize that our Courts have made a distinction between grandparents seeking custody and those seeking visitation. Participation in a custody proceeding by itself is not a sufficient reason for parents to lose their constitutionally protected status absent a showing that the parents are unfit, have neglected the welfare of the child, or acted in a manner inconsistent with their protected status. Such a holding would offend the Due Process Clause of the Constitution.

The trial court denied the motion to intervene because there had been no substantial change in circumstances since the entry of the 8 February 2006 custody order. In the 8 February 2006 custody order, both parents were found to be fit and proper persons to have joint legal and physical custody of the minor child. By reinstating the 8 February 2006 custody order, the trial court indicated that both parents were fit and proper persons for the care of the minor child just as the trial court previously found on 8 February 2006.

### Conclusion

Intervenor's motion contains a general statement "[t]hat both the Plaintiff and Defendant have failed to shoulder the parental responsibilities attendant with the enjoyment of the constitutionally preferred status of the parents in a child custody case." The factual allegations in the motion to intervene do not support this conclusion. Intervenor alleged that the father lost his job, obtained third-shift employment, and had a young girlfriend babysitting the minor child. Intervenor also alleged that the parents allowed the minor child to live exclusively with the intervenor for four months. These allegations are insufficient to indicate the parents "acted in a manner inconsistent with [their] constitutionally-protected paramount interest in the com-

panionship, custody, care, and control of [their] child." *Mason v. Dwinnell*, 190 N.C. App. 209, 221, 660 S.E.2d 58, 66 (2008). Intervenor further alleges that she would be a better caregiver for the minor child than the parents. Absent a showing that the parents are unfit, these allegations cannot be considered. The "assertion that [intervenor] would be able to afford the minor child a higher standard of living is not relevant to the issue of [the parents'] constitutionally protected parental interest." *Penland v. Harris*, 135 N.C. App. 359, 363, 520 S.E.2d 105, 108 (1999).

Intervenor failed to allege conduct sufficient to support a finding that the parents engaged in conduct inconsistent with their parental rights and responsibilities. Therefore intervenor could not overcome the presumption that the parents have the superior right to the care, custody, and control of the child, and lacked standing to intervene. Because we determine that intervenor lacked standing we need not address intervenor's additional assignment of error. We affirm the trial court's order, which dismissed intervenor's motion to intervene.

Affirmed.

Judges WYNN and GEER concur.