CALABRIA, Judge.
*542 Emily Susanna Chávez ("plaintiff") appeals from the trial court's order dismissing her complaint for lack of subject matter jurisdiction pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2017). On appeal, plaintiff contends that the trial court erred by concluding that she lacked standing to seek custody of the biological children of Serena Sebring Wadlington and Joseph Fitzgerald Wadlington (collectively, "defendants"). After careful review, we affirm the trial court's order.
I. Factual and Procedural Background
Serena Sebring Wadlington ("mother") and Joseph Fitzgerald Wadlington ("father") are the biological parents of B.J.W., born 10 February 2000, and C.A.W., born 5 January 2003. Both B.J.W. and C.A.W. (collectively, "the children") were conceived and born during defendants' marriage. Although defendants separated in 2007, they never divorced. Therefore, defendants are still married today and have shared physical and legal custody of the children without a court order.
Around the time defendants separated, plaintiff and mother entered into a "long-term, committed and exclusive relationship" that lasted approximately seven years. During this time, mother and plaintiff resided together, with the children, when the children were not residing with father. While plaintiff and mother could not legally marry for much of their relationship, mother did not seek a divorce from father and did not pursue a legal marriage with plaintiff after same-sex marriage was recognized in North Carolina. During their relationship, plaintiff assisted mother with her child-rearing duties such as taking the children to school, accompanying them to appointments and activities, assisting them with schoolwork, and purchasing necessities for the children and the household.
On 4 March 2015, plaintiff and mother separated when plaintiff left the residence she shared with mother and the children. On 10 July 2015, plaintiff filed an action to evict mother and the children, which was dismissed. Approximately two weeks later, while mother was away on a work-related trip and the children were at a family reunion with father, plaintiff used self-help to change the locks, removed all of mother's and the children's belongings from the house, and placed their belongings in a storage unit. Plaintiff subsequently contacted the children, then aged 12 and 15. However, the children were unwilling to continue a relationship with plaintiff.
On 4 November 2016, plaintiff filed a complaint against defendants in Durham County District Court seeking shared physical and legal custody of the children. Plaintiff alleged, inter alia , that she "was centrally *543 *292 involved in the care, upbringing and development" of the children during her relationship with mother, and that mother "intended to and did create a permanent parental relationship" between them. According to plaintiff, mother "acted inconsistently with her protected status as a parent by relinquishing her right to exclusive care and control of the minor children in granting parental status to [p]laintiff." Plaintiff further alleged that it would be in the children's best interests for plaintiff "to be involved in their lives on a regular basis."
On 1 August 2017, defendants filed a motion to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Defendants asserted that the trial court lacked subject matter jurisdiction because plaintiff lacked standing to seek custody of the children and failed to allege that defendants were unfit or had acted inconsistently with their constitutionally protected status as parents.
Following a hearing, on 28 August 2017, the trial court entered an order granting defendants' motion to dismiss. The court concluded, in pertinent part, that:
3. Plaintiff is not a parent and is not a defacto [sic] parent.
4. Defendants, as the biological and legal parents of the minor children, have a constitutionally protected right [to] the exclusive care, custody and control of their children under the Fourteenth Amendment to the Constitution of the United States.
5. Plaintiff has no standing to seek custody of Defendants' children as an "other person" pursuant to N.C.G.S. § 50-13.1(a) and NC Caselaw, to wit:
a. Plaintiff has no relationship with the minor children;
b. Defendants and their children are an intact family, with no pending custody litigation between them;
c. Neither Defendant has neglected, abused, or abandoned his/her children; and
d. Neither Defendant has acted inconsistent with his/her constitutionally protected right as a parent.
6. Plaintiff has failed to allege or establish by clear and convincing evidence that either Defendant has engaged in conduct inconsistent with his/her constitutionally *544 protected right as a parent or otherwise forfeited his/her constitutionally protected status as a parent.
Plaintiff appeals.
II. Standing
On appeal, plaintiff argues that the trial court erred in dismissing her complaint for lack of standing. We disagree.
A. Standard of Review
"[O]n a motion to dismiss the facts are viewed in the light most favorable to the nonmovant, giving them the benefit of all plausible inferences." Ellison v. Ramos, 130 N.C. App. 389, 395, 502 S.E.2d 891, 895, appeal dismissed and disc. review denied , 349 N.C. 356, 517 S.E.2d 891 (1998). In custody cases, "the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." Owenby v. Young, 357 N.C. 142, 147, 579 S.E.2d 264, 268 (2003). "Unchallenged findings of fact are binding on appeal." Peters v. Pennington, 210 N.C. App. 1, 13, 707 S.E.2d 724, 733 (2011). Standing is a question of law which this Court reviews de novo . Perdue v. Fuqua, 195 N.C. App. 583, 585, 673 S.E.2d 145, 147 (2009) (citation and quotation marks omitted).
B. Discussion
Subject matter jurisdiction is "a court's power to hear a specific type of action, and is conferred upon the courts by either the North Carolina Constitution or by statute." Yurek v. Shaffer, 198 N.C. App. 67, 75, 678 S.E.2d 738, 744 (2009) (citation and quotation marks omitted). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." Myers v. Baldwin, 205 N.C. App. 696, 698, 698 S.E.2d 108, 109 (2010) (citation omitted). "Plaintiffs have the burden of proving that standing exists." Id.
In custody proceedings, standing is governed by N.C. Gen. Stat. § 50-13.1(a), which provides, in pertinent part, that "[a]ny *293 parent, relative, or other person ... claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child[.]" Here, since plaintiff is neither a natural parent nor a relative of the children, she claims a right to custody as an "other person" pursuant to N.C. Gen. Stat. § 50-13.1(a). However, B.J.W. turned 18 years old on 10 February 2018, and is therefore no longer a "minor child" subject to custody disputes. See N.C. Gen. Stat. § 48A-2 ("A minor is any person who has not reached the age of 18 years."). Accordingly, plaintiff's appeal is *545 moot with regards to B.J.W. and "should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." In re Peoples , 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), cert. denied , 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed.2d 297 (1979). Therefore, we dismiss plaintiff's appeal as to B.J.W. and consider plaintiff's standing as an "other person" only insofar as C.A.W. is concerned.
Despite the broad language of N.C. Gen. Stat. § 50-13.1(a), "our Supreme Court has indicated that there are limits on the 'other persons' who can bring" an action for custody. Myers, 205 N.C. App. at 698, 698 S.E.2d at 110 (citation and quotation marks omitted). The statute "was not intended to confer upon strangers the right to bring custody or visitation actions against parents of children unrelated to such strangers. Such a right would conflict with the constitutionally-protected paramount right of parents to custody, care, and control of their children." Petersen v. Rogers, 337 N.C. 397, 406, 445 S.E.2d 901, 906 (1994).
"[T]he relationship between the third party and the child is the relevant consideration for the standing determination" in custody disputes between non-parent third parties and natural parents. Ellison, 130 N.C. App. at 394, 502 S.E.2d at 894. "[A] relationship in the nature of a parent and child relationship, even in the absence of a biological relationship, will suffice to support a finding of standing." Id.
"No appellate court in North Carolina has attempted to draw any bright lines for how long the period of time needs to be or how many parental obligations the person must have assumed in order to trigger standing against a parent[.]" Myers, 205 N.C. App. at 699, 698 S.E.2d at 110 (citation and quotation marks omitted). However, the cases in which this Court has determined that a third party had standing to seek custody against a natural parent have "involved significant relationships over extensive periods of time." Id. ; see, e.g., Moriggia v. Castelo , --- N.C. App. ----, ----, ----, 805 S.E.2d 378, 379, 389 (2017) (holding that the trial court erred by concluding that the plaintiff lacked standing to seek custody of a minor child born 11 June 2013 to the parties, "a lesbian couple who never married but [who] were in a committed and loving relationship from January 2006 until October 2014" and "decided during the relationship to have a child" together (internal quotation marks omitted) ); Mason v. Dwinnell, 190 N.C. App. 209, 220, 660 S.E.2d 58, 65 (2008) (holding that the plaintiff had standing to pursue custody where she alleged that she and the defendant "jointly raised the child; they entered into an agreement in which they each acknowledged that [the plaintiff] was a de facto parent and had 'formed a psychological parenting relationship with the parties' child;' and 'the minor child has lived all *546 his life enjoying the equal participation of both [the plaintiff] and [the defendant] in his emotional and financial care and support, guidance and decision-making' "); Ellison , 130 N.C. App. at 396, 502 S.E.2d at 895 (determining that the third-party plaintiff had standing to seek custody where she alleged that she was "the only mother the minor child has known" and that during her five-year relationship with the defendant-father, she "was the responsible parent ... who took the minor child to her medical appointments, to school, attended teacher conferences, took the minor child for diabetic treatment and counseling, ... and bought all the child's necessities" (internal quotation marks omitted) ).
Furthermore, a non-parent who seeks custody against a natural parent must also allege "some act inconsistent with the parent's constitutionally protected status." Yurek, 198 N.C. App. at 75, 678 S.E.2d at 744 (citations omitted). The acts alleged "are not *294 required to be 'bad acts' that would endanger the children." Moriggia , --- N.C. App. at ----, 805 S.E.2d at 385 (citation and quotation marks omitted). But "absent a showing ... that the natural parents are unfit, have neglected the welfare of the child, or have acted in a manner inconsistent with the paramount status provided by the Constitution, the [non-parent] does not have standing." Perdue, 195 N.C. App. at 586-87, 673 S.E.2d at 148.
In the instant case, the trial court concluded that plaintiff lacked standing to seek custody of defendants' children. The court found, in relevant part, that:
11. [Mother] is the biological and legal mother of the two minor children, who are at issue in this matter[.] ... [Father] is the biological and legal father of said children, who were both conceived and born during the marriage of Defendants.
12. Defendants separated in December 2007, when their youngest child ... was five (5) years old; however, the Defendants have never divorced, and remain married to one another.
13. Defendants have shared legal and physical custody of their minor children since their separation, in a peaceful and cooperative manner. They have agreed upon a custodial schedule, and have agreed on modifications to that schedule over the years when it was necessary. The Defendants have shared legal and physical custody of their children so well that it has never been necessary *547 for either Defendant to seek a Court Order regarding the custody of their children.
....
17. Plaintiff was never a legal step-parent to Defendants' children. Initially, this was partially because that particular legal status was not available to her in North Carolina. However, after same-sex marriage was authorized and recognized in North Carolina, [Mother] did not divorce [Father] ... to marry Plaintiff. Plaintiff merely remained the live-in romantic partner of Mother.
18. While residing together, Plaintiff assisted Mother with her daily child-rearing duties, such as voluntarily taking them to/from various appointments and activities, assisting them with schoolwork, and purchasing some necessities for the minor children. As such, Plaintiff was involved in the children['s] care and upbringing, and had a positive and healthy relationship with the children.
19. Plaintiff and Mother separated on March 4, 2015, when Plaintiff left the residence she shared with Mother and the children.
20. On or about July 10, 2015, Plaintiff filed a lawsuit to evict Mother and the children from the residence. Said action was dismissed. Shortly thereafter (approximately 2 weeks later), while Mother was away on a business trip and the children were with Father, Plaintiff used self-help to change the locks, and removed all of Mother's belongings and the children's belongings from their residence, and placed their items in storage. Plaintiff then moved back into the residence, once occupied by Plaintiff and Mother. At that point, the relationship between Plaintiff and the children ended.
....
24. After Plaintiff locked mother and the children out in July of 2015, Plaintiff did not seek to resume her relationship with the children. Since July 2015, Plaintiff has not had a relationship with the children.
25. Since each of their respective births, the children have always resided with Mother and/or Father. Neither Defendant has ever abandoned their children.
*548 ....
27. On its face, Plaintiff's Complaint fails to allege facts sufficient to give Plaintiff third-party standing to bring an action for custody.
28. In her Complaint filed on November 4, 2016, Plaintiff alleged facts consistent with a conclusion that she had a "parent-child relationship" with Defendants' children, while she and Mother resided together. Plaintiff then added conclusory statements (no factual allegations asserted) that [mother] had acted inconsistent with her parental rights, asserting that this Court had jurisdiction to decide custody of Defendants'
*295 children on the "best interests" standard.
29. Plaintiff did not and does not allege that either Defendant is unfit or has abandoned or neglected their children.
30. Neither Defendant is unfit or has abandoned or neglected their children.
31. Plaintiff did not and does not allege that Father has acted in a manner inconsistent with his constitutionally protected status as a parent.
32. Neither Defendant has acted in a manner inconsistent with his/her constitutionally protected status as a parent.
Plaintiff contends that she established standing as an "other person" pursuant to N.C. Gen. Stat. § 50-13.1(a) because she sufficiently alleged a parent-child relationship with the children. Plaintiff further contends that "[t]he issue of whether [defendants] acted inconsistently with their protected status is not relevant to the question of standing or to the issue of subject matter jurisdiction." Plaintiff is incorrect on both counts.
Taken as true and viewed in the light most favorable to plaintiff, the allegations in plaintiff's complaint demonstrate that she had a parent-child relationship with the children during her relationship with mother. We do not doubt that there was genuine love and affection between plaintiff and the children during those years; indeed, mother acknowledged as much during the hearing. Nevertheless, "standing is measured at the time the pleadings are filed." Quesinberry v. Quesinberry , 196 N.C. App. 118, 123, 674 S.E.2d 775, 778 (2009). Thus, "when standing is questioned, the proper inquiry is whether an actual *549 controversy existed when the party filed the relevant pleading." Id. (citation, quotation marks, and brackets omitted).
According to the trial court's unchallenged findings of fact 20 and 24, plaintiff's relationship with the children ended in July 2015 when she evicted them from the residence. This fact defeats plaintiff's standing as an "other person." Regardless of the parties' prior relationship, "a third party who has no relationship with a child does not have standing under N.C. Gen. Stat. § 50-13.1 to seek custody of a child from a natural parent." Ellison, 130 N.C. App. at 394, 502 S.E.2d at 894.
The dissent, however, contends that the fact that "plaintiff's relationship with the children ended in July 2015 ... does not prevent plaintiff from establishing a parent-child relationship for the purposes of standing in a child custody case." According to the dissent,
[i]ntentions after the ending of the relationship between the parties are not relevant because the right of the legal parent does not extend to erasing a relationship between her partner and her child which she voluntarily created and actively fostered simply because after the party's separation she regretted having done so.
Estroff v. Chatterjee , 190 N.C. App. 61, 70-71, 660 S.E.2d 73, 79 (2008) (citation, internal quotation marks, and alterations omitted).
Significantly, however, standing was not at issue in Estroff . See id. at 75 n.2, 660 S.E.2d at 81 n.2 (noting that "the trial court necessarily concluded twice that [the plaintiff] had standing, and there is no need for us to address the issue" where the trial court, "in its 3 August 2005 order, denied [the defendant's] motion to dismiss for lack of standing and, in its 17 November 2006 order, concluded that it had personal and subject matter jurisdiction" (quotation marks and original emphasis omitted) ). Furthermore, this portion of Estroff pertains not to the existence of a parent-like relationship between the third party and the minor child, but rather to the method by which the third party gained such authority-i.e., the issue of whether the natural parent has acted inconsistently with his or her constitutionally protected rights. See id. at 75, 660 S.E.2d at 81-82 (explaining that "the focus is not on what others thought of the couple or what responsibility [the plaintiff] elected to assume, but rather whether [the defendant] chose to cede to [the plaintiff] a sufficiently significant amount of parental responsibility and decision-making authority to create a permanent parent-like relationship with her child" (citation, quotation marks, and original alterations omitted) ).
*550 As the dissent recognizes, defendants' constitutionally protected parental *296 rights and plaintiff's standing as an "other person" pursuant to N.C. Gen. Stat. § 50-13.1(a) are not wholly independent issues. The statute does not exist in a vacuum. See Perdue, 195 N.C. App. at 586, 673 S.E.2d at 148 ("While this Court recognizes that intervenor satisfies the definition of 'other person' because she was the primary caregiver since birth and she had a close familial relationship with the minor child, the grandmother is still required to allege parental unfitness."). However, the dissent conflates the significance of the constitutional issue as it relates to plaintiff's standing versus the merits of her custody claim. Although relevant to both inquiries, "standing is a threshold issue that must be addressed, and found to exist, before the merits of the case are judicially resolved." Id. at 585, 673 S.E.2d at 147 (citation and quotation marks omitted). As a non-parent third party, plaintiff lacks standing to seek custody unless she overcomes the presumption that defendants have "the superior right to the care, custody, and control" of the children. Id. at 586, 673 S.E.2d at 148 (citing Petersen, 337 N.C. at 403-04, 445 S.E.2d at 905 ).
Plaintiff failed to overcome this presumption. Plaintiff has never alleged that either defendant is unfit or has abandoned or neglected the children. According to the trial court's finding of fact 31, plaintiff's complaint does not allege that father acted inconsistently with his protected status as a parent. Therefore, even assuming, arguendo , that plaintiff alleged facts sufficient to overcome mother's Petersen presumption, father's rights as a natural parent remain superior to those of a non-parent. Id. ; see also Brewer v. Brewer, 139 N.C. App. 222, 232, 533 S.E.2d 541, 549 (2000) ("[A] parent who voluntarily gave custody to the other parent and has never been adjudged unfit does not lose [their] Petersen presumption against a non-parent third party so long as the non-parent third party does not have court-ordered custody.").
Plaintiff also argues that the trial court's dismissal of her complaint for lack of subject matter jurisdiction was procedurally improper, in that certain of the court's findings are "relevant only to a Rule 12(b)(6) analysis." This elevates form over substance. As plaintiff recognizes, standing is necessary to survive motions to dismiss for lack of subject matter jurisdiction or failure to state a claim. See Moriggia, --- N.C. App. at ----, 805 S.E.2d at 384 ("Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." (citation and quotation marks omitted) ); see also Street v. Smart Corp. , 157 N.C. App. 303, 305, 578 S.E.2d 695, 698 (2003) ("A lack of standing may be challenged by [a] motion to dismiss for *551 failure to state a claim upon which relief may be granted." (citation and quotation marks omitted) ). However, regardless of the procedural posture in which the issue arises, "[i]f a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." Perdue, 195 N.C. App. at 587, 673 S.E.2d at 148 (citation and quotation marks omitted). "Without jurisdiction the trial court must dismiss all claims brought by the [plaintiff]." Id.
III. Conclusion
Plaintiff has not had a relationship with the children since July 2015. Furthermore, according to the trial court, plaintiff failed to allege or establish clear and convincing evidence that either defendant was unfit or engaged in conduct inconsistent with his or her constitutionally protected status as a parent. Therefore, the trial court did not err by concluding that plaintiff lacks standing to seek custody of the children, and we affirm the order dismissing her complaint for lack of subject matter jurisdiction. Since the issue of standing is dispositive, we need not address plaintiff's remaining arguments.
AFFIRMED.
Judge MURPHY concurs.
Judge ARROWOOD dissents in a separate opinion.